JOHN S. SARGETIS (SBN: 80630)
STEPHEN J. FOONDOS (SBN: 148982)
UNITED LAW CENTER
3013 Douglas Blvd., Suite 200
Roseville, CA 95661
Tel:  (916) 367-0630
Fax: (916) 265-9000

Attorneys for Plaintiff
THOMAS STEVENS DUMAS

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS STEVENS DUMAS | ) **Case No.:  10-CV-01523-LKK-KLM** |
| Plaintiff, | ) **PLAINTIFFS' MEMORANDUM OF** |
| vs. | ) **POINTS AND AUTHORITIES IN** |
| | ) **OPPOSITION TO DEFENDANT JP** |
| FIRST NORTHERN BANK; J & J | ) **MORGAN CHASE BANK N.A.'S** |
| LENDING, a Texas Corporation; | ) **MOTION TO DISMISS** |
| PARAMOUNT RESIDENTIAL | ) Date:        August 9, 2010 |
| MORTGAGE GROUP, INC, a California | ) Time:        10:00 a.m. |
| Corporation; JP MORGAN CHASE BANK, | ) Courtroom:  "4" |
| a New York Corporation, dba CHASE | ) |
| HOME FINANCE LLC; MARKO ACUNA, | ) |
| an individual; and DOES 1 through 100, | ) |
| inclusive, | ) |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff THOMAS STEVENS DUMAS ("Plaintiff") respectfully submit this memorandum of points and authorities in opposition to Defendant JPMORGAN CHASE BANK N.A.'S ("Chase or Lender") Motion to Dismiss Plaintiffs' Complaint.

## DEFENDANT CHASE'S MOTION TO DISMISS SHOULD BE DENIED

**1.    THE COMPLAINT STATES A CLAIM FOR DECEIT**

Chase states that Plaintiff's complaint does not state sufficient facts to constitute a cause of action for deceit.  Plaintiff's declaration clearly states that Chase knew or should have known of Broker's overstatement of income; yet continued to qualify Plaintiff for the loan.

Chase was poised to prevail by either (1) Plaintiff's high monthly mortgage payments based on greatly inflated income or (2) foreclosure on property that was rapidly increasing in value. Defendant Chase is attempting to characterize itself as a victim which is itself a bold tactic.  Chase raises points in its opposition which are contrary to the pleadings.

First, the opposition repeatedly raises the defendant "California Corporation."  There is no defendant named "California Corporation" in the pleading.  Either Chase is using a standard opposition template or is attempting to identify defendant Paramount Residential Mortgage Group, Inc as a California Corporation.  Plaintiff is left to guess as to Chase's opposition.

Second, on page 3 of the opposition, Chase states that "The Complaint even fails to identify Plaintiff's broker."  However, the Complaint and even the opposition's first page identifies the Broker as Marco Acuna.  Therefore, there is no phantom Broker that is asserted in the pleadings.

Finally, there is no question that Chase and Broker worked together to generate a loan for Plaintiff.  Defendant Chase attempts to shield itself behind Broker and his fiduciary duties owed to Plaintiff.  Broker directly informed Plaintiff; however, that Lender was working with Broker to foster a loan for Plaintiff.  As such, the specifics of Chase's involvement with the loan would be revealed during the discovery phase and not required for a motion to dismiss.

Plaintiff requests leave to amend the Complaint if the Court determines that specific facts are required to be alleged to state a cause of action for deceit.

## 2.  THE COMPLAINT STATES A CAUSE OF ACTION FOR FRAUD.

A. Defendant maintains that the second and third causes of action do not state facts sufficient to constitute a cause of action for fraud and recites the elements of fraud and argues that Plaintiffs have not alleged any of the elements of fraud with any sufficient particularity. Defendant goes on to allege that Plaintiffs are required to allege the name of the person who he spoke to, the capacity to speak, the person to whom the speech was addressed.

First, in connection with a motion to dismiss, a defendant cannot claim that an allegation is "inaccurate." Accuracy of facts is determined in a trial. The second and third causes of action are well pled primarily because it incorporates all of the prior allegations of the complaint. The complaint alleges that JP Morgan Chase (as the successor) gave a loan directly to Plaintiff although Defendant did not verify Plaintiff's income.  In fact, Plaintiff was unaware that Broker, Marco Acuna, and Lender granted the loan request on fraudulent loan information regarding actual income.   Defendant's claim that the elements of fraud have not been alleged with sufficient particularity is incorrect. The particular misrepresentations have been clearly spelled out.

B. The Demurrer also states that there was no statement as to what misrepresentations were made by any of Chase's employees. As alleged in the Complaint, the allegations of fraud center on the acts committed by employees for Chase for fraud.  Plaintiffs request leave to amend the Complaint if the Court determines that specific facts are required to be alleged to state a cause of action for fraud.

The discovery rule postponing accrual of a Cause of Action until Plaintiffs discover or has reason to discover the factual basis for Cause of Action. *Norgart v. Upjohn (1999)* 21 Cal.4th 383, 397.

Plaintiff requests leave to amend the Complaint if the Court determines that specific facts are required to be alleged to state a cause of action for fraud.

### 3.   THE COMPLAINT STATES A CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

In the instant case, Plaintiffs had a "special relationship" with Defendants and thus Defendants owed Plaintiffs a fiduciary duty. See *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974. In *Kim*, there were various allegations against the bank, including that the lending bank failed to disclose material facts about an agent. *Id.* at 979-81. *Kim* referred to out-of-state cases for the proposition that in special circumstances a fiduciary relationship may be created between a bank and a borrower. *Id.* at 981. *Kim*, in acknowledging that there are situations in which a fiduciary relationship may be created between a bank, noted that a fiduciary duty did not exist in that case merely because "counsel [did] not discuss what the special circumstances were in those cases or how they are similar to the facts here." *Id.* The out-of-state cases cited by *Kim* involved situations in which a bank allegedly withheld information from the borrower about relevant transactions or the borrower relied on advice of the bank.   The allegations in the instant Complaint are analogous to those in the out-of-state cases approved by *Kim* for creating a bank's fiduciary duty owed to a borrower. The instant action is not the usual case where the bank has limited interaction with the consumer or borrower, which warrants the general rule that banks do not owe a fiduciary duty to borrowers. Broker and Chase worked directly together to get Plaintiff the loan; although, Plaintiff did not know that his income was overstated which qualified him for the loan. See *Nymark v. Heart Fed. Sav. & Loan Ass'n*, (1991) 231 Cal.App.3d 1089, 1092 n. 1.   Consequently, a "special relationship" existed and thus Chase owed Plaintiffs a fiduciary duty.

Moreover, whether a bank has a fiduciary relationship must be analyzed in the context of the particular allegation of wrongdoing. *Nymark* cited *Price v. Wells Fargo Bank (1989)* 213 Cal.App.3d 465, 476-78 which held "under ordinary circumstances the relationship between a bank and its depositor is that of debtor-creditor and is not a fiduciary one." The use of the phrase "under ordinary circumstances" defeats Defendant's argument that absolutely as a matter of law that there is no factual circumstance under which the bank owes a fiduciary duty to its borrower. As stated in *Price,* the appellant failed to allege any facts which would support a fiduciary relationship which means that facts may exist to support a finding of a fiduciary relationship.  In the *Price v. Wells Fargo* case, the issue concerned the bank's "hard line" in

repaying the negotiations.  Understandably, under those circumstances there is no fiduciary duty because the bank has every right to take as hard a line as it can under its contract for repayment of monies due.  However, in the circumstances of the instant case and as alleged in the complaint, the Defendant had a fiduciary duty not to work with Broker by approving a fraudulent loan which did not reflect Plaintiff's true income.

Plaintiff requests leave to amend the Complaint if the Court determines that specific facts are required to be alleged to state a cause of action for breach of fiduciary duty.

## 4.  THE COMPLAINT STATES A CAUSE OF ACTION FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AND CONSPIRACY.

These causes of action are properly plead and sufficiently related.  Specifically, Defendant Lender and Broker worked together to qualify Plaintiff for the loan.  Lender knew or should have known that Plaintiff did not qualify for the loan based on his actual income.  As a result, the Plaintiff's income was inflated which set Plaintiff up for failure, which is exactly what happened in this case.

The Lender Chase is attempting to shift blame to the Broker.  It is true that Broker made a onetime fee.  After the payment for this loan, Broker's work was complete.  Lender had much more to gain.

The loan to Plaintiff was a win-win situation for Chase.  At the time the loan was given to Plaintiff, the real estate market in Plaintiff's neighborhood was profitable.  The value of homes/property were increasing by hundreds of dollars per month.  The first way Lender would win was by payment of over-inflated monthly disbursements not supported by Plaintiff's actual wages.  These over-inflated payments would continue for 30 years

If Plaintiff was unable to make payments, as Lender suspected, the home would be foreclosed on and sold at a much higher value based on sky rocketing home prices at that time. Lender was to make a huge profit from Plaintiff's foreclosure.

If the Court does not agree that Plaintiffs have alleged sufficient facts as to their damages or to warrant equitable tolling of this claim, Plaintiff respectfully request leave to amend to plead additional facts.

## 5.   THE COMPLAINT STATES A CAUSE OF ACTION FOR NEGLIGENCE

Defendants allege Plaintiff does not cite the source, or breach, of any duty owed to Plaintiff. However, Defendants owed Plaintiff a duty for at least two reasons.

First, Defendants were acting beyond their scope as mere lenders of money and thus owed Plaintiff a duty to use reasonable care in their dealings with Plaintiff. See Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991). Lenders' traditional role was to ensure borrowers were placed in loans they could repay because such was beneficial for lenders primarily because it assured a steady stream of income from the loans and minimal losses to the lender. Traditionally, lenders earned profits from the loan instrument itself and would investigate a borrower's ability to repay the loan because doing so was necessary to assure the lender would receive a steady stream of income from its investment. In the instant action, Defendants, among other actions, knowingly qualified Plaintiff for a loan which he did not qualify for. As stated in Plaintiff's declaration, Plaintiff would not have entered into the loan had he known his income was inflated thereby approving him for the loan.

Thus, Chase owed a duty based on its departure from its traditional scope as a mere lender of money.

Second, Defendants have a duty based on the six factors described in the landmark *Nymark* decision that establish a lender's duty to a borrower: (i) extent to which the transaction was intended to affect the borrower, (ii) foreseeability of harm to the borrower, (iii) degree of certainty the borrower suffered injury, (iv) closeness of the connection between the lender's

conduct and the injury suffered, (v) moral blame attached to the lender's conduct, and (vi) policy of preventing future harm.  Nymark, 231 Cal.App.3d at 1098.  These factors warrant finding a duty in the instant action.

First, the transaction, a loan affecting plaintiff's primary residence, was designed to solely affect Plaintiff.

Second, Plaintiff's harm was foreseeable because JP Morgan Chase knowingly placed Plaintiff in a position whereby he would not be able to make his mortgage payments.

Third, Plaintiff clearly suffered injury because the Plaintiff is unable to make payments on his home and has been harassed by Lender regarding his delinquency.

Fourth, Defendant's conduct is the sole source of Plaintiff's injury because but for Chase giving Plaintiff a loan not reflected on his actual income, the Plaintiff would have completed made his monthly payments and not suffered injury.

Fifth, Defendants' conduct is morally blameworthy because it is unethical to set a person up for financial and emotional failure, knowing such is likely to result, merely for one's financial gain.

Sixth, there is a policy of preventing future harm to similarly situated plaintiffs because, if such is not done, the housing market, and economy in general, is certain to continue to spiral downward affecting not only Plaintiffs, but everyone.  If borrowers cannot rely on the representations of their banks, our economy is not likely to regain its strength.

Consequently, based on these factors and the foregoing analysis, the court should find Defendant Chase owed Plaintiff a duty of care.

Chase breached their duty by, among other actions: (i) leading Plaintiff into a fraudulent loan which was not based upon his actual income.

Thus, Chase owed, and breached, a duty to Plaintiffs.

If these allegations are insufficient, Plaintiffs request leave to amend.

### 6. THE COMPLAINT STATES A CAUSE OF ACTION FOR VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200.

The next cause of action although brief, incorporates all of the allegations of the complaint and alleges that as a result of Defendants wrongful conduct, he has suffered damages and injuries according to proof. The complaint does allege damages and as stated in the Prayer, Plaintiff requests a return of his down payment and other payments made in connection with the loan transaction. As a result of this or any loan transaction, certain monetary expenditures had to he made by the Plaintiffs including his ongoing loan payments. As stated in *Branick v Downey Savings & Loan Association(2006)* 39 Cal.4th 235, 241, a party may sue to enforce unfair competition rights when they have suffered injury in fact and have lost money or property. The complaint clearly asks for return of down payments, other payments and monetary damages from placing the Plaintiffs into a fraudulent loan.

If these are insufficient, Plaintiffs seek leave to amend.

### 7. THE COMPLAINT STATES A CAUSE OF ACTION FOR BREACH OF CONTRACT.

The Complaint clearly sets forth the allegation that Defendant breached the agreement by failing to exercise reasonable efforts and due diligence in causing Plaintiff to enter into a loan that was not in his best interest and by committing acts such as submitting an inaccurate loan application. The cause of action incorporates the prior allegations which as stated repeatedly above deal with the false statement of Plaintiffs income all of which constitute a breach of contract.  Defendant Chase maintains that it has no liability although as successor it purchased both assets and liabilities. All of these acts caused Plaintiff to enter into the contract and therefore the breach consists of acts inducing the Plaintiff to enter into the contract.

**8.  THE COMPLAINT STATES A CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

As stated above, in response to the allegations regarding breach of fiduciary duty the same argument is applicable here that there is a special relationship between the parties as concerns the allegations of causing Plaintiff to enter into a loan that was not in his best interest based upon the submittal of false income information. Therefore, under the authorities cited, the breach of covenant of good faith and fair dealing would apply in the circumstances of this action.

**9.  THE COMPLAINT STATES A CAUSE OF ACTION FOR VIOLATIONS OF TILA**

Defendant alleges that Plaintiff is not entitled to damages under TILA since the suit must have been tiled within one year. Although there is a one year statute of limitations for damages as set forth in 15 U.S.C. section 1640, the complaint alleges that the misrepresentations and allegations stated therein were all discovered within the past year such that any applicable statute of limitations are extended. In *Meyer v. Ameriquest Mortgage Company,* 342 F.3d 888-99, 901 (9th Cir. 1971 ) the court held "the Meyers have produced no evidence of undisclosed credit terms of a fraudulent concealment or other action on the part of *Ameriquest* that prevented the Meyers from discovering their claim." The doctrine of equitable tolling may "suspend the limitations period" "in certain circumstances," such as when the borrower did not have reasonable opportunity to discover the alleged fraud or nondisclosures that form the basis of the plaintiff's TILA claim. *Id.* "Because the applicability of [equitable tolling] often depends upon matters outside the pleadings, it is not generally amendable to resolution on a Rule 12(b)(h) motion." *Supermail Cargo, Inc. v. U.S.,* 68 F.3d, 1204-1206 (9th Cir. 1995).

If the Court does not agree that Plaintiffs have alleged sufficient facts as to their damages or to warrant equitable tolling of this claim, Plaintiff respectfully request leave to amend to plead additional facts.

## 10. THE COMPLAINT STATES A REMEDY FOR RESTITUTION AND RECISSION.

As Plaintiff has stated, claims against Chase upon which relief should be granted, and for which Resitution and Recission are remedies, Plaintiff is entitled to these reliefs.

If these are insufficient, Plaintiffs seek leave to amend.

## 11. THE COMPLAINT STATES A REMEDY FOR INJUNCTIVE RELIEF.

Although the last claim is entitled "permanent and preliminary injunctive relief" and injunctive relief is a remedy, the allegations for this cause of action is valid because it restates all the prior allegations and requests injunctive relief thereon. The injunctive relief requested in this cause of action is from possible foreclosure proceedings and since the Complaint incorporates each and every prior allegation, the request for injunction arises out of the fraudulent loan transaction in which injunctive relief is requested.

If these are insufficient, Plaintiff seeks leave to amend.

### CONCLUSION

For all the foregoing reasons, Defendants' demurrer should be denied or, in the alternative if the Court deems proper, leave to amend the complaint should be granted.

Dated: July 24, 2010                                          UNITED LAW CENTER


                                                             By: /s/ John S. Sargetis
                                                             John S. Sargetis,
                                                             Attorney for Plaintiff