UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS STEVENS DUMAS,

                              NO. CIV. S-10-1523 LKK/KJM

          Plaintiff,

     v.

FIRST NORTHERN BANK, dba
FIRST NORTHERN, et al.,

          Defendants.

_____/

### STATUS (PRETRIAL SCHEDULING) CONFERENCE

     READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH
THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND
PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS
ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER
SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN
ORDER OF JUDGMENT.

     Pursuant to court order, a Status (Pretrial Scheduling)
Conference was held in chambers on October 18, 2010.  Gabriel D.
Klug appeared for John Sargetis as counsel for plaintiff; Henry

1

Friesen appeared telephonically as counsel for defendant Paramount Residential Mortgage Group, Inc.; Joshua Abel appeared telephonically as counsel for JPMorgan Chase Bank. After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

All parties defendant have been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

Except as provided herein, no further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

Plaintiff is granted ten (10) days to file and amended complaint joining additional parties and he is to give notice of the dates provided herein.

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1367 is undisputed and is hereby found to be proper, as is venue.

**FICTITIOUSLY-NAMED DEFENDANTS**

This action, including any counterclaims, cross-claims, and third-party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

**MOTION HEARING SCHEDULES**

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by

1   July 18, 2011.  The word "completed" in this context means that all

2   law and motion matters must be **heard** by the above date.  Because

3   this date is not necessarily a date previously set aside for law

4   and motion hearings, it is incumbent upon counsel to contact this

5   court's courtroom deputy, Ana Rivas at (916) 930-4133, sufficiently

6   in advance so as to ascertain the dates upon which law and motion

7   will be heard and to properly notice its motion for hearing before

8   that date.  Counsel are cautioned to refer to Local Rule 230

9   regarding the requirements for noticing such motions on the court's

10  regularly scheduled law and motion calendar.  **Opposition or**

11  **statement of non-opposition to all motions shall be filed not later**

12  **than 4:30 p.m. fourteen (14) days preceding the hearing date, or by**

13  **proof of service by mail not less than seventeen (17) days**

14  **preceding the hearing date**.  This paragraph does not preclude

15  motions for continuances, temporary restraining orders or other

16  emergency applications, and is subject to any special scheduling

17  set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

18      At the time of filing a motion, opposition, or reply, counsel

19  are directed to email a copy in word processing format to lkk-

20  pleadings@caed.uscourts.gov.

21      The parties should keep in mind that the purpose of law and

22  motion is to narrow and refine the legal issues raised by the case,

23  and to dispose of by pretrial motion those issues that are

24  susceptible to resolution without trial.  To accomplish that

25  purpose, the parties need to identify and fully research the issues

26  presented by the case, and then examine those issues in light of

1  the evidence gleaned through discovery.  If it appears to counsel

2  after examining the legal issues and facts that an issue can be

3  resolved by pretrial motion, counsel are to file the appropriate

4  motion by the law and motion cutoff set forth <u>supra</u>.

5         **Unless prior permission has been granted, memoranda of law in**

6  **support of and in opposition to motions are limited to thirty (30)**

7  **pages, and reply memoranda are limited to fifteen (15) pages.  The**

8  **parties are also cautioned against filing multiple briefs to**

9  **circumvent this rule.**

10        Where the parties bring motions for summary judgment, the

11 court will deem facts which are apparently undisputed as undisputed

12 under Fed. R. Civ. P. 56(d), unless specifically reserved and that

13 party tenders evidence to support the reservation.

14        <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

15 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE

16 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.  COUNSEL ARE CAUTIONED

17 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT

18 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND

19 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,

20 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO

21 TIMELY FILE AN APPROPRIATE MOTION.

22        Counsel are further reminded that motions in limine are

23 procedural devices designed to address the admissibility of

24 evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH

25 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS

26 IN LIMINE  AT THE TIME OF TRIAL.

1      **DISCOVERY**

2          No modifications of the discovery requirements found in the

3   Federal Rules is ordered.

4          All discovery is left open, save and except that it shall be

5   so conducted as to be <u>completed</u> by May 18, 2011.  The word

6   "completed" means that all discovery shall have been conducted so

7   that all depositions have been taken and any disputes relative to

8   discovery  shall  have  been  resolved  by  appropriate  order  if

9   necessary and, where discovery has been ordered, the order has been

10  complied with.  Motions to compel discovery must be noticed on the

11  magistrate judge's calendar in accordance with the local rules of

12  this court and so that such motions will be heard not later than

13  April 18, 2011.  In this regard, all counsel are to designate in

14  writing and file with the court and serve upon all other parties a

15  final list of the names of all experts that they propose to tender

16  at  trial  not  later  than  sixty  (60)  days  before  the  close  of

17  discovery  herein  established.   At  the  time  of  designation,  all

18  experts shall submit a written report.  The contents of the report

19  must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All

20  experts  so  designated  are  to  be  fully  prepared  to  render  an

21  informed opinion at the time of <u>designation</u> so that they may fully

22  participate in any deposition taken by the opposing party.  Experts

23  will not be permitted to testify at the trial as to any information

24  gathered or evaluated, or opinion formed, after deposition taken

25  subsequent to designation.

26         An  expert  witness  not  appearing  on  said  lists  will  not  be

1   permitted to testify unless the party offering the witness

2   demonstrates: (a) that the necessity of the witness could not have

3   been reasonably anticipated at the time the lists were exchanged;

4   (b) the court and opposing counsel were promptly notified upon

5   discovery of the witness; and (c) that the witness was promptly

6   proffered for deposition.

7       **MID-LITIGATION STATEMENTS**

8       Not later than fourteen (14) days prior to the close of

9   discovery, all parties shall file with the court and serve on all

10   other parties a brief statement summarizing all law and motion

11   practice heard by the court as of the date of the filing of the

12   statement, whether the court has disposed of the motion at the time

13   the statement is filed and served, and the likelihood that any

14   further motions will be noticed prior to the close of law and

15   motion. The filing of this statement shall not relieve the parties

16   or counsel of their obligation to timely notice all appropriate

17   motions as set forth above.

18       **FINAL PRETRIAL CONFERENCE**

19       The Final Pretrial Conference is **SET** for October 17, 2011, at

20   1:30 p.m. Counsel are cautioned that counsel appearing for

21   Pretrial will in fact try the matter.

22       Counsel for all parties are to be fully prepared for trial at

23   the time of the Pretrial Conference, with no matters remaining to

24   be accomplished except production of witnesses for oral testimony.

25   Counsel are referred to Local Rules 280 and 281 relating to the

26   contents of and time for filing Pretrial Statements. In addition

1   to those subjects listed in Local Rule 281(b), the parties are to

2   provide the court with a plain, concise statement which identifies

3   every non-discovery motion tendered to the court, and its

4   resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL

5   BE GROUNDS FOR SANCTIONS.

6      The parties shall file Separate Pretrial Statements, the

7   contents and timing of which are set forth in Local Rule 281,

8   except that the parties are to prepare a <u>JOINT STATEMENT</u> with

9   respect to the undisputed facts and disputed factual issues of the

10   case.  <u>See</u> Local Rule 281(b)(3), (4), and (6).  The parties are

11   reminded to include in their joint statement all disputed and

12   undisputed special factual information as required by Local Rule

13   281(b)(6).

14      The undisputed facts and disputed factual issues are to be set

15   forth in two separate sections.  In each section, the parties

16   should identify first the general facts relevant to all causes of

17   action.  After identifying the general facts, the parties should

18   then identify those facts which are relevant to each separate cause

19   of action.  In this regard, the parties are to number each

20   individual fact or factual issue.  Where the parties are unable to

21   agree as to what factual issues are properly before the court for

22   trial, they should nevertheless list in the section on "DISPUTED

23   FACTUAL ISSUES" all issues asserted by any of the parties and

24   explain by parenthetical the controversy concerning each issue.

25   Each individual disputed fact or factual issue shall include the

26   following introductory language:  "Whether or not . . . ."  The

1   parties should keep in mind that, in general, each fact should
2   relate or correspond to an element of the relevant cause of action.
3   Notwithstanding the provisions of Local Rule 281, the Joint
4   Statement of Undisputed Facts and Disputed Factual Issues is to be
5   filed with the court concurrently with the filing of plaintiff's
6   Pretrial Statement.  If the case is tried to a jury, the undisputed
7   facts will be read to the jury.

8       Pursuant to Local Rule 281(b)(10) and (11), the parties are
9   required to provide in their Pretrial Statements a list of
10  witnesses and exhibits that they propose to proffer at trial, no
11  matter for what purpose.  These lists shall <u>not</u> be contained in the
12  Pretrial Statement itself, but shall be attached as separate
13  documents to be used as addenda to the Final Pretrial Order.
14  Plaintiff's exhibits shall be listed **numerically**; defendant's
15  exhibits shall be listed **alphabetically**.  In the event that the
16  alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,
17  3A-3Z, etc."  The Pretrial Order will contain a stringent standard
18  for the proffering of witnesses and exhibits at trial not listed in
19  the Pretrial Order.  Counsel are cautioned that the standard will
20  be strictly applied.  On the other hand, the listing of exhibits or
21  witnesses which counsel do not intend to call or use will be viewed
22  as an abuse of the court's processes.

23      Pursuant to Local Rule 281(b)(12), a party is required to
24  provide a list of all answers to interrogatories and responses to
25  requests for admission that the party expects to offer at trial.
26  This list should include only those documents or portions thereof

1 which the party expects to offer in its case-in-chief.  Unless
2 otherwise barred by a rule of evidence or order of this court, the
3 parties remain free to tender appropriate discovery documents
4 during trial for such purposes as, but not limited to, impeachment
5 or memory refreshment.

6    Pursuant to Local Rule 281(b)(8), the parties' Pretrial
7 Statements shall contain a "statement of legal theory, etc."  Each
8 party shall commence this section by specifying as to each claim
9 whether federal or state law governs, and if state law, the state
10 whose law is applicable.

11    Counsel are also reminded that, pursuant to Fed. R. Civ. P.
12 16, it will be their duty at the Pretrial Conference to aid the
13 court in (a) formulation and simplification of issues and the
14 elimination of frivolous claims or defenses; (b) settling of facts
15 which should be properly admitted; and (c) the avoidance of
16 unnecessary proof and cumulative evidence.  Counsel must prepare
17 their Pretrial Statements, and participate in good faith at the
18 Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO
19 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
20 monetary sanctions, orders precluding proof, eliminations of claims
21 or defenses, or such other sanctions as the court deems
22 appropriate.

23    **TRIAL SETTING**

24    Trial is **SET** for January 24, 2012, at 10:30 a.m.  Trial will
25 be by jury.  The parties represent in good faith that the trial
26 will take approximately eight (8) days.

9

1    **SETTLEMENT CONFERENCE**

2        A Settlement Conference will be set before a judge other than

3    the trial judge at the time of the Pretrial Conference.

4        Counsel are cautioned to have a principal capable of

5    disposition present at the Settlement Conference or to be fully

6    authorized to settle the matter on any terms and at the Settlement

7    Conference.

8    **MISCELLANEOUS PROVISIONS**

9        The parties are reminded that pursuant to Fed. R. Civ. P.

10   16(b), the Status (pretrial scheduling) Order **shall not be modified**

11   **except by leave of court upon a showing of good cause.**  Counsel are

12   cautioned that changes to any of the scheduled dates will

13   necessarily result in changes to all other dates.  Thus, even where

14   good cause has been shown, the court will not grant a request to

15   change the discovery cutoff date without modifying the pretrial and

16   trial dates.

17       **Agreement by the parties pursuant to stipulation does not**

18   **constitute good cause.  Nor does the unavailability of witnesses or**

19   **counsel, except in extraordinary circumstances, constitute good**

20   **cause.**

21       The parties are reminded of their continuing obligation to

22   supplement their statements relative to the identification of

23   parent corporations and any publicly held company that owns 10% or

24   more of the party's stock within a reasonable time of any change in

25   the information.

26       The parties are admonished that they are not to cite or refer

10

1  to any of the quotations inscribed in the pavers on the front plaza

2  of the United States Courthouse in any written or oral presentation

3  to the court or a jury.

4      There appear to be no other matters presently pending before

5  the court that will aid the just and expeditious disposition of

6  this matter.

7      IT IS SO ORDERED.

8      DATED:  October 20, 2010.

10

11      LAWRENCE K. KARLTON

12      SENIOR JUDGE
        UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26