1   JOHN M. SORICH (CA Bar No. 125223)
    jsorich@alvaradosmith.com
2   S. CHRISTOPHER YOO (CA Bar No. 169442)
    cyoo@alvaradosmith.com
3   ALVARADOSMITH
    A Professional Corporation
4   1 MacArthur Place, Suite 200
    Santa Ana, California 92707
5   Tel: (714) 852-6800
    Fax: (714) 852-6899
6
7   Attorneys for Defendants
    JPMORGAN CHASE BANK, N.A., erroneously sued as
    JPMORGAN CHASE BANK, dba CHASE HOME FINANCE
8   LLC and MORTGAGE ELECTRONIC REGISTRATION
    SYSTEMS, INC. erroneously sued as MORTGAGE
9   ELECTRONIC REGISTRATION SYSTEM, INC.

10

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS STEVENS DUMAS, | **CASE NO.:** 10-CV-01523-LKK-KJM |
| Plaintiff, | **JUDGE:** Hon. Lawrence K. Karlton |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| FIRST NORTHERN BANK; J & J LENDING; PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.; JP MORGAN CHASE BANK, dba CHASE HOME FINANCE LLC; MARCO ACUNA; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; and DOES 1 through 100, inclusive, | *[Filed concurrently with a Request for Judicial Notice]* |
| | **DATE:** December 20, 2010 |
| | **TIME:** 10:00 a.m. |
| | **CTRM:** "4" |
| Defendants. | **ACTION FILED:** May 5, 2010 |

**TO THE ABOVE NAMED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on December 20, 2010 at 10:00 a.m. or as soon thereafter as the matter can be heard in Courtroom "4" of the above entitled Court, defendants JPMorgan Chase Bank, N.A. ("Chase"), erroneously sued as JP Morgan Chase Bank, dba Chase Home Finance

1

NOTICE MOTION AND MOTION TO DISMISS

1159082.2

1   LLC and Mortgage Electronic Registration Systems, Inc. ("MERS," and collectively as

2   "Defendants") erroneously sued as Mortgage Electronic Registration System, Inc., will move the

3   court to dismiss the action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) on the

4   grounds that the Complaint ("Complaint") of Plaintiff Thomas Stevens Dumas ("Plaintiff") fails to

5   state a claim upon which relief can be granted.  Specifically, Chase will move the Court as follows:

6       1.     Plaintiff's claim for "Fraud" fails to state facts sufficient to constitute a claim for

7   relief pursuant to FRCP 12(b)(6).

8       2.     Plaintiff's claim for "Civil Conspiracy to Defraud" fails to state facts sufficient to

9   constitute a claim for relief pursuant to FRCP 12(b)(6).

10      3.     Plaintiff's claim for "Negligence" fails to state facts sufficient to constitute a claim

11  for relief pursuant to FRCP 12(b)(6).

12      4.     Plaintiff's claim for "Violations of Business & Professions Code §17200 et seq." fails

13  to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

14      5.     Plaintiff's claim for "Violation of Civil Code § 2923.5" fails to state facts sufficient

15  to constitute a claim for relief pursuant to FRCP 12(b)(6).

16      6.     Plaintiff's claim for "Violation of Truth in Lending Act" fails to state facts sufficient

17  to constitute a claim for relief pursuant to FRCP 12(b)(6).

18      7.     Plaintiff's claim for "Violation of Real Estate Settlement Procedures Act" fails to

19  state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

20      8.     Plaintiff's claim for "Declaratory and Injunctive Relief" fails to state facts sufficient

21  to constitute a claim for relief pursuant to FRCP 12(b)(6).

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

NOTICE MOTION AND MOTION TO DISMISS

1159082.2

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1    The motion will be based on this Notice of Motion, the Memorandum of Points and

2    Authorities filed, and the pleadings and papers filed.

3

4    DATED:  November 8, 2010                    ALVARADO SMITH
                                                 A Professional Corporation
5

6
                                         By:  /s/ S. Christopher Yoo
7                                             JOHN M. SORICH
                                              S. CHRISTOPHER YOO
8                                             Attorneys for Defendants
                                              JPMORGAN CHASE BANK, N.A., erroneously
9                                             sued as JPMORGAN CHASE BANK, dba
                                              CHASE HOME FINANCE LLC and
10                                            MORTGAGE ELECTRONIC REGISTRATION
                                              SYSTEMS, INC. erroneously sued as
11                                            MORTGAGE ELECTRONIC REGISTRATION
                                              SYSTEM, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE MOTION AND MOTION TO DISMISS

# TABLE OF CONTENTS

Page

I.  SUMMARY OF ARGUMENT ...................................................................1

II.  SUMMARY OF RELEVANT FACTS ......................................................1

III.  PLAINTIFF FAILS TO STATE A CLAIM FOR "FRAUD" .....................2

IV.  PLAINTIFF FAILS TO STATE A CLAIM FOR "CIVIL CONSPIRACY TO DEFRAUD"........................................................................................................5

V.  PLAINTIFF FAILS TO STATE A CLAIM FOR "NEGLIGENCE" ..............6

    A.  Plaintiff Fails To Plead The Existence Of A Legal Duty To Assess Plaintiff's Ability To Repay The Loans In Order To Support A Claim For Negligence ........6

VI.  PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200 et. seq." ...................................................7

    A.  Plaintiff Lacks Standing to Assert a Claim Under 17200........................7

    B.  Plaintiff's "Unlawful" and "Fraudulent" Business Practices Claim Fails..............7

VII.  PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF CIVIL CODE § 2923.5"........................................................................................................8

VIII.  PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF TRUTH IN LENDING ACT 15 U.S.C. § 1601 et seq." .................................................9

    A.  Plaintiff's Claim for TILA Damages is Barred by the Statute of Limitations.........9

    B.  Rescission Is Not Proper Absent This Court's Determination That Plaintiff Can Comply With His Rescission Obligation ......................................10

IX.  PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT 12 U.S.C. 2601 et seq." .....................11

    A.  Plaintiff's  RESPA Claim Is Time-Barred By The One Year Statute Of Limitations........................................................................................................11

    B.  Plaintiff Fails To Allege A Violation Of RESPA On The Grounds That Defendants Obtained A Yield Spread Premium .....................................11

X.  PLAINTIFF FAILS TO STATE A CLAIM FOR "DECLARATORY AND INJUNCTIVE RELIEF"..................................................................................13

    A.  Plaintiff Does Not Seek Prospective Relief .............................................13

    B.  Declaratory Relief Is Unnecessary.............................................................15

    C.  Plaintiff's Injunctive Relief Claim Fails..................................................15

XI.  CONCLUSION..................................................................................................16

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**TABLE OF AUTHORITIES**

Page

**Cases**

*Ach v. Finkelstein* 264 Cal.App.2d 667, 674 (1968)........................................................ 2

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937).... 13

*American States Ins. Co v. Kearns,* 15 F.3d 142, 143-144 (9th Cir. 1994). ........................................ 13

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 510 (1994) ............................ 5

*Bachis v. State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722 (1968) ........................................ 14

*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.,* 131 Cal.App. 4th 802, 823 (2005). ........ 5

*Bustamante v. First Fed. Sav. & Loan Ass'n,* 619 F.2d 360, 365 (5th Cir. 1980).............................. 10

*California Insurance Guarantee Assoc. v. Superior Court,* 231 Cal.App.3d 1617, 1623-1624........ 15

*California Insurance Guarantee Assoc. v. Superior Court,* 231 Cal.App.3d 1617, 1623-1624 (1991)
.................................................................................................................................................... 15

*Californians For Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223, 228 (2006) ............................ 7

*Cardellini v. Casey,* 181 Cal.App.3d 389 (1986) ............................................................................ 14

*Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941). ................................................................ 13

*Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983)...................................... 2

*Common Cause of California v. Board of Supervisors,* 49 Cal.3d 432 (1989) .................................. 16

*Daugherty v. American Honda Motor Co., Inc.,* 144 Cal.App.4th 824, 838 (2006) ............................ 8

*Drootman v. First Nationwide Bank, No.* 97-252 PHX TSZ, slip op., at 8 (Feb. 12, 1999) .............. 12

*General of America Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968) ............................................ 15

*General of America Ins. Co.,* 258 Cal.App.2d at 470 ...................................................................... 15

*Geraci v. Homestreet Bank,* 347 F.3d 749 (9th Cir. 2003)................................................................ 12

*Guerra v. Sutton,* 783 F.2d 1371, 1376 (9th Cir.1986)...................................................................... 13

*Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968)........................ 2

*Hill v. Wrather,* 158 Cal.App.2d 818, 825 (1958) ............................................................................ 3

*In re Wepsic,* 231 B.R. 768, 776 (S.D. Cal. 1998)............................................................................ 11

*Khoury v. Maly's of California,* 14 Cal. App. 4th 612, 619 (1993)................................................ 7, 8

*Kidron v. Movie Acquisition Corp.,* 40 Cal. App. 4th 1571, 1581 (1995)........................................ 5

i

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## TABLE OF AUTHORITIES

Page

*LaCasse*, 198 F. Supp. 2d 1255, Slip Op. (W.D. Wash. March 15, 2002) ......................................... 12

*Langford v. Superior Court*, 43 Cal.3d 21 (1987) ....................................................................... 16

*Mabry v. Superior Court* 185 Cal.App.4th 208 (2010) ................................................................. 9

*Mabry,* 185 Cal.App4th 208, 204-205 .......................................................................................... 9

*Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998)........................................... 6

*Microsoft Corp. v. A-Tech Corp,* 855 F. Supp. 308, 313 (C.D. Cal. 1994) ................................... 7

*Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095 (1991). .................... 6

*Nymark v. Heart Federal Savings and Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991).................. 4

*Okun v. Sup.Ct.*, 29 Cal. 3d 442, 454 (1981) ............................................................................... 5

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d
   1108, 1111 (9th Cir. 2004) .................................................................................................... 15

*People v. McKale*, 25 Cal. 3d 626, 634 (1979) ............................................................................. 7

*Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989)....................................................... 4

*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987)..................................................... 15

*Rincon v. Recontrust Co., et al.*, 2009 WL 2407396, *6 .............................................................. 14

*Roberts v. Los Angeles County Bar Ass'n,* 105 Cal.App.4[th] 604, 618 (2003). ............................ 15

*Service By Medallion, Inc. vs. Clorox Co.*, 44 Cal.App.4th 1807, 1818 (1996)............................. 3

*Service by Medallion, Inc., supra,* at 1818 .................................................................................. 3

*Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1158 (2000).............................................. 8

*Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990) ................................................................... 2

*StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal. May 2, 2006) .............. 14

*Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007)............................................................... 3

*Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4[th] 153, 157 (1991) ...................... 3

*Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.2d 584, 589 (E.D.Va. 2006)..................................... 9

*Vincent v. Wells Fargo Bank*, 2009 WL 4039681, *2-3 (E.D.Cal. November 18, 2009). ................... 6

*Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980) ................................................................. 6, 7

*Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 784 (1979) .............................................................. 5

ii

# TABLE OF AUTHORITIES

Page

*Yamamoto*, 329 F.3d at 1172 (*citing Large v. Conseco Financing Servicing Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)) ............................................................................................................. 10

**Statutes**

Civ. Proc.§ 1635(b) ............................................................................................................ 10

12 U.S.C. § 2601(a) ............................................................................................................ 11

12 U.S.C. § 2607(b) ............................................................................................................ 12

12 U.S.C. § 2607(c)(2) ........................................................................................................ 12

12 U.S.C. § 2614 ................................................................................................................. 11

15 U.S.C. § 1640(e) ............................................................................................................. 9

28 U.S.C. § 2201 ................................................................................................................. 13

Business and Professions Code §17204 ............................................................................. 7

Cal. Civ. Code § 2924 ......................................................................................................... 8

Cal. Civ. Code § 2923.5 ...................................................................................................... 9

Civ. Proc. § 1061 ............................................................................................................... 14

Civil Code § 1710 ................................................................................................................ 4

Civil Code § 2923.5(a)(2 ..................................................................................................... 8

Civil Code § 3333 ................................................................................................................ 3

Civil Code §2923.5(b). ...................................................................................................... 8,9

**Other Authorities**

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997) ........................... 2

**Rules**

Fed. R. Civ. Proc. 57 .......................................................................................................... 14

Fed.R.Civ.P. 9(b). ................................................................................................................ 3

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1159082.2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants JPMorgan Chase Bank, N.A. ("Chase"), erroneously sued as JP Morgan Chase Bank, dba Chase Home Finance LLC and Mortgage Electronic Registration Systems, Inc. ("MERS," and collectively as "Defendants") erroneously sued as Mortgage Electronic Registration System, Inc., respectfully submits the following Memorandum of Points and Authorities in support of the Motion to Dismiss the First Amended Complaint ("FAC") of plaintiff Thomas Stevens Dumas ("Plaintiff").

## I.   SUMMARY OF ARGUMENT

Plaintiff is a borrower who obtained a residential loan on July 1, 2008 in the amount of $685,000.00 ("Loan").  The Loan was secured by a deed of trust recorded against the property known as 2388 Clubhouse Drive, Rocklin, CA ("Subject Property").  Eventually, Plaintiff defaulted on the Loan and foreclosure proceedings were initiated.  A notice of default ("NOD") was recorded on October 27, 2009.  After Plaintiff failed to reinstate the Loan, a notice of trustee's sale ("NOS") was recorded on April 27, 2010.

Plaintiff's FAC, and eight claims set forth therein, is premised on allegations of alleged misconduct surrounding the Loan origination.  Thus, Plaintiff seeks to permanently enjoin a trustee's sale on the Subject Property and rescind the Loan based upon the theory that the Broker originating Plaintiff's loan failed to disclose "material facts" during the loan origination process.  In spite of its length, Plaintiff's FAC of one-hundred and ninety-eight paragraphs is without merit, and fails to allege any wrongful conduct attributable to Defendants.  Accordingly, we respectfully ask the court to grant Defendants' motion to dismiss in its entirety without leave to amend.

## II.   SUMMARY OF RELEVANT FACTS

The real property that is the subject of this Action is located at 2388 Clubhouse Drive, Rocklin, California ("Subject Property").  *See* Complaint, ¶ 2; Request for Judicial Notice ("RJN"), **Exhibit 1**.

Plaintiff obtained a residential loan in the amount of $685,000.00 ("Loan") secured by a deed of trust ("DOT") encumbering the Subject Property.  The DOT was recorded on July 1, 2008 with the Placer County Recorder as instrument number 2008-0053826-00.  The DOT identifies California

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1

1    Corporation as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the

2    beneficiary, and LandAmerica Southland Title as the trustee.  *See* RJN, **Exhibit 1**.

3        Plaintiff defaulted on the Loan.  A Notice of Default ("NOD") was recorded on October 27,

4    2009 with the Placer County Recorder as instrument number 2009-0091859-00.  The NOD indicates

5    that as of October 27, 2010, the amount in arrears was $22,982.14.  *See* RJN, **Exhibit 2**.

6        An Assignment of Deed of Trust ("Assignment") was recorded on November 18, 2009 with

7    the Placer County Recorder as instrument number 2009-0099279-00.  The Assignment identifies

8    Chase Home Finance LLC as the Assignee.  *See* RJN, **Exhibit 3**.

9        A Substitution of Trustee was recorded on December 16, 2009 with the Placer County

10   Recorder as instrument number 2009-0106905-00.  *See* RJN, **Exhibit 4**.

11       Plaintiff failed to cure the default.  A Notice of Trustee's Sale ("NOS") was recorded on

12   April 27, 2010 with the Placer County Recorder as instrument number 2010-0031079-00.  *See* RJN,

13   **Exhibit 5**.  As of the recording date of the NOS, Plaintiff was $732,133.09.  *Id.*

14   **III.   PLAINTIFF FAILS TO STATE A CLAIM FOR "FRAUD"**

15       The elements for fraud are: 1) a false representation of a material fact, 2) knowledge of the

16   falsity (scienter), 3) intent to induce another into relying on the representation, 4) reliance on the

17   representation, and 5) resulting damage.  *Ach v. Finkelstein* 264 Cal.App.2d 667, 674 (1968); 5

18   Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).  The particularity requirement

19   for fraud mandates pleading facts that "show how, when, where, to whom, and by what means the

20   representations were tendered."  *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990); *Hill Trans. Co.*

21   *v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968).

22       The rationale for this strict pleading requirement is not to merely provide notice to the

23   defendant.  "The idea seems to be that allegations of fraud involve a serious attack on character, and

24   fairness to the defendant demands that he should receive the fullest possible details of the charge in

25   order to prepare his defense . . . and the policy of liberal construction of the pleadings . . . will not

26   ordinarily be invoked to sustain a pleading defective in any material respect."  *Committee on*

27   *Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983).  <u>Thus, each element of</u>

28   <u>fraud must be alleged factually and specifically</u>.  *Tarmann v. State Farm Mutual Auto Insurance Co.*,

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

2
NOTICE MOTION AND MOTION TO DISMISS

1   2 Cal.App.4th 153, 157 (1991).

2   In addition, to assert a fraud action against a corporation, a plaintiff must allege the names of

3   the person or persons who allegedly made the fraudulent representation, their authority to speak, to

4   whom they spoke, what they said or wrote, and when it was said or written. *Id.* And Plaintiff must

5   specially plead the "detriment proximately caused" by defendant's tortious conduct. Civil Code §

6   3333. This requires specific factual allegations of both the injury or damage suffered and its causal

7   connection with the Plaintiff's reliance on the defendant's representations. *Service By Medallion,*

8   *Inc. vs. Clorox Co.,* 44 Cal.App.4th 1807, 1818 (1996). Deception without resulting loss is not

9   actionable fraud. *Hill v. Wrather*, 158 Cal.App.2d 818, 825 (1958). "Whatever form it takes, the

10  injury or damage must not only be distinctly alleged but its causal connection with the reliance on

11  the representations must be shown." *Service by Medallion, Inc.*, 44 Cal.App. at 1818.

12  Finally, under the heightened pleading requirements for claims of fraud under Federal Rule

13  of Civil Procedure 9(b) ("FRCP 9(b)"), "a party must state with particularity the circumstances

14  constituting the fraud." Fed.R.Civ.P. 9(b). Allegations of fraud should specifically include "an

15  account of the time, place, and specific content of the false representations as well as the identities of

16  the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007).

17  Plaintiff fails to plead that Defendants made any false representation of a material fact. In

18  support of the "fraud" claim, Plaintiff fails to even mention Defendants specifically, let alone any

19  specific actions attributable to Defendants. *See* FAC, ¶ ¶ 77-82. In fact, all of the allegations are

20  specific to "Broker," with additional conclusory allegations, including alleging that "Defendants, and

21  each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful

22  disregard, and/or with callous disregard, of the probable detrimental and economic consequences to

23  Plaintiff[.]" *See* FAC, ¶ 82.

24  Plaintiff does not plead with any degree of specificity what representation was made, to

25  whom, by whom, when, or by what means such representations were tendered as required by

26  *Stansfield* and *Tarmann*. Further, common sense dictates that Defendants could not have made any

27  representation because they did not originate the subject Loan. California Corporation made the

28  subject Loan. *See* RJN, Exhibit 1.

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

Plaintiff also does not plead any facts demonstrating how Defendants acted with a specific intent to defraud or injure Plaintiff. *See* FAC, ¶¶ 77-82. Absent such mandatory allegations, as required under *Tarmann* and *Stansfield*, and under FRCP 9(b), it is impossible to frame a response to such vague and conclusory allegations.

Moreover, Plaintiff fails to allege the essential elements of justifiable reliance. *See* FAC, ¶¶ 77-82. Plaintiff fails to allege any act or omission that Plaintiff engaged in reliance on the alleged misrepresentation. Nor has Plaintiff pled any specific action or conduct that Plaintiff would have undertaken if Plaintiff had known that the alleged misrepresentation was false. *See* Complaint, ¶¶ 77-82.

Finally, for the reasons stated above, Plaintiff also cannot meet the standard for a claim of fraud under FRCP 9(b) as he does not make specific allegations as to an account of time, place, and specific content of the false representations, nor of the identities of the parties to the alleged misrepresentations. *See* FAC.

Plaintiff also appears to assert a claim for fraudulent concealment. The elements for fraud based on concealment are: (1) concealment or suppression of material fact; (2) <u>defendant must have been under a duty to disclose the fact to plaintiff</u>; (3) defendant must have intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) resulting damages. BAJI No. 12.35 (8th ed.) (emphasis added). Therefore, liability for concealment is imposed where the defendant is in a fiduciary or other confidential relationship that imposes a duty of disclosure. Civil Code § 1710.

As matter of law, Defendants do not owe a fiduciary duty to Plaintiff. *See*, *Nymark v. Heart Federal Savings and Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991). In *Nymark*, the Court held: "As a general rule, a financial institution owed no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money...." *See*, *Nymark*, 231 Cal.App.3d at 1096. Further, in *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989), the plaintiffs sought to assert various claims against a lender, including a claim for tortuous breach of good faith and fair dealing. The Court, however, held that

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

4

1159082.2

1   the tort claim failed because the bank did not owe any fiduciary duty to the plaintiffs.  Instead, the

2   Court held that:  "It has long been regarded as 'axiomatic that the relationship between a bank and its

3   depositor arising out of a general deposit is that of a debtor and creditor.' (citation omitted).  'A debt

4   is not a trust and there is not a fiduciary relation between debtor and creditor as such.' (citation

5   omitted).  <u>The same principle should apply with even greater clarity to the relationship between a</u>

6   <u>bank and its loan customers.</u>"  (Emphasis added).

7        For the foregoing reasons, Plaintiff fails to state a claim for "fraud," thus this claim should be

8   dismissed without leave to amend.

9   **IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR "CIVIL CONSPIRACY TO**

10        **DEFRAUD"**

11        Conspiracy is "a legal doctrine that imposes liability on persons who, although not actually

12   committing a tort themselves, share with the immediate tortfeasors a common plan or design in its

13   perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510 (1994).

14   Conspiracy itself is not a separate claim; rather, it is a theory of vicarious liability under which

15   certain defendants may be held liable for torts committed by others - i.e., all parties to a conspiracy

16   are jointly liable for tortious acts committed by any of them pursuant to the conspiracy. *Okun v.*

17   *Sup.Ct.*, 29 Cal. 3d 442, 454 (1981); *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, 131

18   Cal.App. 4th 802, 823 (2005).

19        To render defendant liable for wrongs committed by another, the complaint must allege (1)

20   the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and

21   (3) the damage resulting from such act or acts. *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th

22   1571, 1581 (1995).  Thus, the conspiring defendants must also have actual knowledge that a tort is

23   planned and concur in the tortuous scheme with knowledge of its unlawful purpose. *Wyatt v. Union*

24   *Mortg. Co.*, 24 Cal. 3d 773, 784 (1979).  "The effect of charging…conspiratorial conduct is to

25   implicate all…who agree to the plan to commit the wrong as well as those who actually carry it out.

26   (Citations.)" *Id.*

27

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1  Plaintiff makes no allegation that Defendants knew that a tort was planned or concurred in

2  the tortious scheme with knowledge of its unlawful purpose. *See* FAC, ¶¶ 83-91.  Moreover, Plaintiff

3  fails to allege any fact as to the formation and operation of the alleged conspiracy among the

4  defendants.  Thus, the conspiracy claim fails.

5  **V.    PLAINTIFF FAILS TO STATE A CLAIM FOR "NEGLIGENCE"**

6      **A.    Plaintiff Fails To Plead The Existence Of A Legal Duty To Assess Plaintiff's**

7         **Ability To Repay The Loans In Order To Support A Claim For Negligence**

8  "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care,

9  (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's

10  injury."  *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted). "The

11  existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim

12  for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095 (1991).

13  There is no actionable duty between a lender and borrower in that loan transactions are arms-

14  length. *Vincent v. Wells Fargo Bank*, 2009 WL 4039681, *2-3 (E.D.Cal. November 18, 2009).  A

15  lender "owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for

16  negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the

17  domain of the usual money lender.'"  *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980) (citations

18  omitted).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the

19  institution's involvement in the loan transaction does not exceed the scope of its conventional role as

20  a mere lender of money." *Nymark*, 231 Cal.App.3d at 1096.

21  Moreover, "[p]ublic policy does not impose upon the Bank absolute liability for the

22  hardships which may befall the [borrower] it finances." *Wagner*, 101 Cal.App.3d at 34.  The success

23  of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to

24  protect." *Wagner*, 101 Cal.App.3d at 34 (lender lacked duty to disclose "any information it may have

25  had").

26

27

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE MOTION AND MOTION TO DISMISS

1159082.2

1   Here, the Complaint alleges no facts to infer the Defendants owed a legal duty to Plaintiff to

2   determine Plaintiff's ability to repay the subject loan transactions. *See, Vincent v. Wells Fargo*

3   *Bank*, 2009 WL 4039681, *3 (E.D.Cal. November 18, 2009) (no legal duty to support negligence

4   claim existed where complaint only depicted arms-length loan transaction). The FAC only depicts

5   an arms-length loan transaction. *See* FAC, ¶¶ 92-100. Accordingly, the claim must fail.

6   **VI.**   **PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF BUSINESS &**

7   **PROFESSIONS CODE § 17200 et. seq."**

8   **A.**   **Plaintiff Lacks Standing to Assert a Claim Under 17200**

9   Prior to its amendment in 2004, section 17200 of the Business and Professions Code

10  ("Section 17200" or the "Act") and related provisions permitted any person acting for the general

11  public to sue for relief from unfair competition and did not predicate standing on a showing of injury

12  or damage. *Californians For Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223, 228 (2006). As

13  amended by Proposition 64, Business and Professions Code §17204 now limits standing in a Section

14  17200 action to certain specified public officials and to "any person who has suffered injury in fact

15  and has lost money or property as a result of ... unfair competition." *Id.*

16  Plaintiff lacks standing to allege a violation of Section 17200 because Plaintiff fails to allege

17  <u>any</u> facts that she suffered any injury proximately caused by the purported unfair business practice of

18  Defendants. *See* FAC, ¶¶ 101-104. Therefore, Plaintiff has no standing to assert claims for

19  purported violations of Section 17200.

20  **B.**   **Plaintiff's "Unlawful" and "Fraudulent" Business Practices Claim Fails**

21  Even if Plaintiff properly pled standing, which Defendants do not concede, Plaintiff fails to

22  set forth any facts to establish that Defendants violated the statute. In alleging a claim for unlawful

23  business practice under section 17200, the plaintiff must allege <u>facts</u> to demonstrate that the practice

24  violates the underlying law. *See, People v. McKale,* 25 Cal. 3d 626, 634 (1979); *Khoury v. Maly's of*

25  *California*, 14 Cal. App. 4th 612, 619 (1993) (A plaintiff alleging unfair business practices under

26  these statutes must state with reasonable particularity the facts supporting the statutory elements of

27  the violation). Further, the term "fraudulent," as used in the statute, requires a showing that

28  members of the public are likely to be deceived." *Daugherty v. American Honda Motor Co., Inc.*,

AlvaradoSmith
Attorneys At Law
Santa Ana

7

1159082.2

1   144 Cal. App. 4th 824, 838 (2006).

2       Preliminarily, Plaintiff's claim of "unlawful" business practices is alleged as a stand-alone

3   violation, thus Plaintiff fails to assert a violation of an independent underlying law or statute often

4   referred to as the "borrowed claim." *Khoury,* 14 Cal. App. 4th at 626. Instead, Plaintiff simply

5   alleges conclusory allegations. *See* FAC, ¶¶ 101-104. A plaintiff alleging unfair business practices

6   under the Act must state with <u>reasonable particularity the facts</u> supporting the statutory elements of

7   the violation. *Khoury,* Cal. App. 4th at 619.

8       Further, Plaintiff does not allege any facts in support of the claim that Defendants engaged in

9   unlawful, unfair, or fraudulent business acts in violation of the Act. Bus. & Prof. Code § 17200;

10  *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1158 (2000). Plaintiff fails to allege any

11  wrongdoing by Defendants beyond boilerplate, conclusory allegations that "Defendants' acts . . .

12  constitute unlawful, unfair and/or fraudulent business practices." *See* FAC, ¶ 102.

13      Finally, Plaintiff fails to allege that the public had any expectation or made any assumptions

14  regarding the conduct of Defendants, which is a necessary showing under the "fraudulent" prong of

15  the Act. *Daugherty,* 144 Cal.App. at 838.

16      Accordingly, Plaintiff cannot state a claim for violation of Section 17200, thus, Plaintiff's

17  claim fails.

18  **VII.   <u>PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF CIVIL CODE §</u>**

19  **<u>2923.5"</u>**

20      Civil Code § 2923.5 ("Section 2923.5") does not require a lender to forbear from foreclosure

21  activity, and only requires the lender or its agents to contact the borrower. *Civil Code §*

22  *2923.5(a)(2).* Specifically, Section 2923.5 provides that:

23      "A mortgagee, beneficiary, or authorized agent shall contact the borrower in
        person or by telephone in order to assess the borrower's financial situation
24      and explore options for the borrower to avoid foreclosure."
        *Civil Code § 2923.5 (a)(2).*

25

26

27

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

8
NOTICE MOTION AND MOTION TO DISMISS

A notice of default filed pursuant to Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower **or tried with due diligence** to contact the borrower as required by this section. *See Civil Code* §2923.5(b)(emphasis added).

The California Court of Appeal for the Fourth District has recently held that a declaration for purposes of complying with *Civil Code* § 2923.5 need not be under penalty of perjury and is compliant if it tracks the statutory language of the statute. *See Mabry v. Superior Court* 185 Cal.App.4th 208 (2010). Additionally, the court noted that a declaration that tracks the language of the statute is compliant, even though such language does not on its face delineate precisely which one of the three categories set forth in the declaration applies to the particular case at hand. *Id.* at 204-205. *Mabry,* 185 Cal.App4th 208, 204-205. The statute does not require actual contact, only a diligent attempt to contact the borrower. As such, Plaintiff's claim which is premised on a purported violation of Section 2923.5 fails.

VIII. <u>**PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF TRUTH IN LENDING ACT 15 U.S.C. § 1601 et seq."**</u>

    A.     <u>**Plaintiff's Claim for TILA Damages is Barred by the Statute of Limitations**</u>

Civil penalties under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). Section 1640(e) states, in part: "[a]ny action under this section may be brought...within <u>one year from the date of the occurrence of the violation</u>." (Emphasis added). In *Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.2d 584, 589 (E.D.Va. 2006), the Court granted the defendant's motion for summary judgment of Plaintiffs' count of statutory damages, attorney costs and fees, and forfeiture of the tender because Plaintiff filed their claim after the expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute of limitations period applying to claims for civil damages arising from TILA violations begins to run from the date of the complained of violation. If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement. *Id.*

1159082.2

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

Here, Plaintiff has alleged damages under TILA. *See* FAC, p. 23 ¶ 9. However, the date of the loan transaction is readily apparent from the recorded documents. *See* RJN, Exhibit 1. The subject transaction occurred in July 2008. *Id.* Thus, any claim for violations of TILA on the basis of disclosure under the subject loans expired in July 2009. Nevertheless, Plaintiff brought this action on May 5, 2010, after the statute of limitations expired. Consequently, Plaintiff's claim fails.

**B.**   **Rescission Is Not Proper Absent This Court's Determination That Plaintiff Can Comply With His Rescission Obligation**

Nothing in TILA establishes that a borrower's "mere assertion of the right to rescission has the automatic effect of voiding the contract." *Yamamoto*, 329 F.3d 1167, 1172 (9th Cir. 2003) (*citing Large v. Conseco Financing Servicing Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)). "The 'natural reading' of the language of § 1635(b) "is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined...Until such decision is made, the [borrowers] have only advanced a claim seeking rescission." *Id.* (Emphasis added).

In *Yamamoto,* the plaintiffs notified their lender that they were exercising their right to cancel the loan because they had not been provided with the notice of right to cancel forms required by TILA. Here, Plaintiff, contends that by filing his Complaint, Plaintiff exercised his right to rescind the loan. *See* FAC, p. 23 ¶ 12. The Ninth Circuit upheld the district court's decision that a loan transaction is not voided automatically when a lender contests the right to rescind. *Id.* at 1172. "Otherwise, a borrower could get from under a secured loan simply claiming TILA violations, whether or not then lender had actually committed any." *Id.* (Emphasis added). In a contested case, the consumer rescinds and the action becomes void ONLY when the right to rescind is determined in the borrowers favor.

Here, Plaintiff seeks to rescind the subject loans under TILA. *See* FAC, p. 23 ¶ 12. As such, Plaintiff is required to make a tender offer to pay the lender what he received in the original mortgage transaction (minus interest, finance charges, etc). *See, Yamamoto*, 329 F.3d at 1172; *See, e.g.*, *Bustamante v. First Fed. Sav. & Loan Ass'n*, 619 F.2d 360, 365 (5th Cir. 1980) (creditor's TILA

1  obligations were not triggered until obligor tendered repayment); *In re Wepsic*, 231 B.R. 768, 776

2  (S.D. Cal. 1998)(conditioning rescission on borrower's tender of "her duty of repayment under the

3  statute."). However, Plaintiff makes contradictory assertions regarding his ability to tender the

4  amount owed. "In the alternative and to the extent as may be required by law Plaintiff alleges he

5  expects to be and is able to tender the loan proceeds due by law within a reasonable time or as

6  determined by the Court." *See* FAC, p. 27 ¶ 33. However, Plaintiff also "maintains that he is not

7  required to plead tender in any form in [his] Complaint." *See* FAC, p. 27 ¶ 32.

8        For the foregoing reasons, Plaintiff's claim fails.

9  **IX.**   **PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF REAL ESTATE**

10        **SETTLEMENT PROCEDURES ACT 12 U.S.C. 2601 et seq."**

11        **A.**   **Plaintiff's RESPA Claim Is Time-Barred By The One Year Statute Of**

12              **Limitations**

13        Plaintiff contends that he is entitled to damages for the alleged violations of RESPA. *See*

14  FAC, p. 33 ¶¶ 71-75. However, Plaintiff's claim under RESPA is time-barred. Section 2614, of

15  Title 12, United States Code, states: "[a]ny action pursuant to the provisions of section 2605, 2607,

16  or 2608 of this title may be brought ... 1 year in the case of a violation of section 2607 or 2608 of

17  this title from the date of the occurrence of the violation[.]" 12 U.S.C. § 2614. In this case, the

18  subject loans were made in July 2008. *See* RJN, Exhibit 1. The lawsuit was filed on May 5, 2010,

19  more than one year after the statute has run. *See* FAC. Thus, Plaintiff's RESPA claim expired.

20        **B.**   **Plaintiff Fails To Allege A Violation Of RESPA On The Grounds That**

21              **Defendants Obtained A Yield Spread Premium**

22        Moreover, in support of the RESPA claim, Plaintiff alleges Defendants violated RESPA

23  because Defendants paid fees or kickbacks. *See* FAC, p. 32 ¶¶ 62-69. Congress enacted the Real

24  Estate Settlement Procedures Act in 1974 to shield home buyers "from unnecessarily high settlement

25  charges caused by certain abusive practices." 12 U.S.C. § 2601(a). Section 2607(a) of RESPA

26  proscribes giving or accepting "any fee, kickback or thing of value pursuant to any agreement or

27  understanding ... that business incident to or a part of a real estate settlement service ... shall be

28  referred to any person." 12 U.S.C. § 2607(a). Section 2607(a) of RESPA similarly prohibits the

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

11

NOTICE MOTION AND MOTION TO DISMISS

payment of any percentage or division of a charge except for services actually rendered.  12 U.S.C. § 2607(b).  Section 2607(c) provides a safe harbor, however, stating in relevant part that "nothing in this section shall be construed as prohibiting ... (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed[.]" 12 U.S.C. § 2607(c)(2).

The difficulty in applying Section 2607 to yield spread premiums is determining when such a payment is "for goods or facilities actually furnished or for services actually performed."  In an official policy statement, the United States Department of Housing ("HUD") "explained Regulation X" and the provisions of the RESPA. 64 Fed. Reg. 10080. The policy statement indicates unequivocally that HUD does not consider yield spread premiums to be per se legal or illegal. 64 Fed. Reg. 10084.

Moreover, the HUD developed a two-part test for determining liability under Section 2607. *Geraci v. Homestreet Bank*, 347 F.3d 749 (9th Cir. 2003).  The first part of the test requires a determination of whether the yield spread premium was exchanged for goods, facilities, or services actually provided. 347 F.3d at 751.  If the yield spread premium was paid to broker in exchange for goods or services, then the next part of the test is whether the payment bears a reasonable relationship to the goods or services provided. *Id*. HUD considers the reasonableness prong of the test to be "determinative." *Id*.  This test has been adopted by the majority of courts in applying Section 8 to yield spread premiums.  *See, e.g.*, *LaCasse*, 198 F. Supp. 2d 1255, Slip Op. (W.D. Wash. March 15, 2002); *Bjustrom*, 178 F. Supp.2d at 1196; *Drootman v. First Nationwide Bank, No.* 97-252 PHX TSZ, slip op., at 8 (Feb. 12, 1999).

In this case, Plaintiff fails to state a claim under Section 2607 of RESPA because Plaintiff fails to allege facts that the yield spread premium payments (1) were not for goods or services, and (2) did not bear a reasonable relationship to any goods or services provided.  *See* FAC, p. 32 ¶¶ 62-69.  Instead, Plaintiff simply alleges that "Defendants" paid or accepted fees or kickbacks. *See See* FAC, p. 33 ¶ 70.  Such conclusory allegation fails to plead facts conforming to the rule of liability set forth in the HUD's test for liability.  Moreover, Plaintiff fails to allege any facts that, if proven would demonstrate that the yield spread premium was not paid as compensation for goods or

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

12

services in connection with the subject loan, or that it does not bear a reasonable relationship to any goods or services that were actually provided in connection with same.

For the foregoing reasons, Plaintiff's claim fails.

## X.    PLAINTIFF FAILS TO STATE A CLAIM FOR "DECLARATORY AND INJUNCTIVE RELIEF"

### A.    Plaintiff Does Not Seek Prospective Relief

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 provides, in pertinent part:

> In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co v. Kearns,* 15 F.3d 142, 143-144 (9th Cir. 1994). As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941). The United States Supreme Court has further explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth,* 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

Even assuming an actual controversy existed, "[d]eclaratory relief is only appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' *Guerra v. Sutton,* 783 F.2d 1371, 1376 (9th Cir.1986). 'The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

appropriate.' Fed. R. Civ. Proc. 57. However, 'the availability of other adequate remedies may make declaratory relief inappropriate ....' *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal. May 2, 2006)." *Rincon v. Recontrust Co., et al.,* 2009 WL 2407396, *6.

Moreover, California state law is in accord. The court can refuse to issue a judicial declaration in a case in which a judicial determination or declaration is not necessary or proper. Code of Civil Procedure § 1061. It is axiomatic that a cause of action for declaratory relief serves the purpose of adjudicating *future* rights and liabilities between parties. *See Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) [Emphasis added]; *Bachis v. State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722 (1968). Moreover, where the "rights of the complaining party have crystallized into a cause of action for past wrongs," a decision to sustain a demurrer to a cause of action, in state court, for declaratory relief will be upheld. *See id.* at 397-398; *see also Bachis,* 265 Cal.App.2d 726-728 (1968).

Here, Plaintiff alleges that an "actual controversy exists" between Plaintiff and Defendant, regarding their respective rights and duties concerning the status and validity of the Subject Loan and Promissory Note. *See* FAC, p. 33 ¶ 112. And Plaintiff seeks a declaration that "as to the validity for the finance loan agreement, finance loan transaction, Note, Deed of Trust and Defendants' right to proceed with remedies to foreclose[.]" *See* FAC, p. 34 ¶ 113.

There is no occasion defining the respective rights of the parties to govern the *future* conduct of Plaintiff and Defendants. Plaintiff apparently seeks a judicial declaration regarding his rights regarding the executed subject loan and subsequent foreclosure proceedings. *Id.* By Plaintiff's own allegations, the wrongdoing alleged in the Complaint, namely, the alleged wrongful conduct in connection with the Loan origination, already occurred. *See* FAC.

Plaintiff alleges no continuing relationship, either contractual or otherwise, between Plaintiff and Defendants. Accordingly, declaratory relief claim is unnecessary and improper because Plaintiff seeks an adjudication of a cause of action for past wrongs rather than to define the future conduct of the parties.

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1159082.2

**B.     Declaratory Relief Is Unnecessary**

Even assuming *arguendo* that a relationship between Plaintiff and Defendants existed that justifies a declaration of rights relating to the future conduct of the parties, Plaintiff's "declaratory relief" claim is unnecessary because other forms of relief are available to Plaintiff.

The availability of another form of relief will usually justify the refusal to grant declaratory relief. *See, General of America Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968). A declaratory relief action will not lie to determine issues raised in other causes of action before the court. *California Insurance Guarantee Assoc. v. Superior Court,* 231 Cal.App.3d 1617, 1623-1624 (1991). "The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a first cause of action for the determination of identical issues." *General of America Ins. Co.,* 258 Cal.App. at 470. Thus, if the factual and legal underpinnings of the declaratory relief action involve the same issues as the main causes of action, the issues can be decided for all purposes in other causes of action before the court. *See id* at 470-471.

Here, it is clear from the FAC that the determination of issues which Plaintiff seeks in the claim for declaratory relief is identical to that in the claims based on misconduct surrounding the Loan origination. *See* FAC. Plaintiff essentially seeks a determination that the Loan origination was improper. *Id.* Thus, the issues presented in each claim are identical and overlapping, and the "Declaratory Relief" claim does nothing to afford Plaintiff a new form of relief. For the foregoing reasons, Plaintiff's claim for declaratory relief fails.

**C.     Plaintiff's Injunctive Relief Claim Fails**

Preliminarily, injunctive relief is a remedy and not a claim for relief. *See Roberts v. Los Angeles County Bar Ass'n,* 105 Cal.App.4[th] 604, 618 (2003). Furthermore, Plaintiff is not entitled to injunctive relief. An injunction can be issued only if Plaintiff demonstrates: 1) likelihood of success on the merits; 2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and 4) the injunction will not disserve the public interest. *Production Co. v. Village of Gambell,* 480 US 531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.,* 367 F.3d 1108, 1111 (9th Cir. 2004).

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1159082.2

1    Similarly, under California law, a preliminary injunction can only issue when the standards

2    of California Code of Civil Procedure ("CCP") § 526 are met.  When deciding whether to issue

3    preliminary injunction, a trial court must evaluate two interrelated factors: (1) the likelihood that

4    plaintiff will prevail on the merits at trial, *Langford v. Superior Court*, 43 Cal.3d 21 (1987); and (2)

5    the interim harm that plaintiff is likely to sustain if the injunction were denied, as compared to the

6    harm that the defendant is likely to suffer if the preliminary injunction were issued.  *Common Cause*

7    *of California v. Board of Supervisors*, 49 Cal.3d 432 (1989).

8    Here, Plaintiff fails to show that Defendants are liable under any of the claims asserted in the

9    FAC.  Accordingly, Plaintiff has not shown he will prevail on the merits at trial as the underlying

10   causes of action on which the injunction is based are defective.  Plaintiff merely alleges that "he has

11   suffered damages." *See* FAC, p. 34 ¶ 118.  As the requirements for injunctive relief cannot be met,

12   an injunction cannot be issued.

13   **XI.    CONCLUSION**

14   For the foregoing reasons, Defendants respectfully request that the Court grant the motion to

15   dismiss without leave to amend as to all claims asserted against them.

16

17   DATED:  November 9, 2010                        ALVARADO SMITH
                                                     A Professional Corporation
18

19
                                                     By:  /s/ S. Christopher Yoo
20                                                        JOHN M. SORICH
                                                         S. CHRISTOPHER YOO
21                                                       Attorneys for Defendants
                                                         JPMORGAN CHASE BANK, N.A., erroneously
22                                                       sued as JPMORGAN CHASE BANK, dba
                                                         CHASE HOME FINANCE LLC and
23                                                       MORTGAGE ELECTRONIC REGISTRATION
                                                         SYSTEMS, INC. erroneously sued as
24                                                       MORTGAGE ELECTRONIC REGISTRATION
                                                         SYSTEM, INC.
25

26

27

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE MOTION AND MOTION TO DISMISS

1159082.2

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Thomas Steven Dumas v. First Northern Bank, et al.,*
USDC – Eastern 2:10-cv-01523 LKK KJM

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On November 9, 2010, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action.

☒     by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒     **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐     **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐     **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐     (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒     (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on November 9, 2010, at Santa Ana, California.

_____
KIMBERLY RILEY

1132625.1

1

## SERVICE LIST

2

3

*Thomas Steven Dumas v. First Northern Bank, et al.,*
USDC – Eastern 2:10-cv-01523 LKK KJM

4

5

John S. Sargetis, Esq.                                   T: (916) 367-0630
Stephen J. Foondos, Esq.                          F: (916) 265-9000

6

United Law Center
3013 Douglas Boulevard, Suite 200
Roseville, CA 95661

7

**Attorneys for Plaintiff**

8

Henry P. Friesen, Esq.                               (949) 623-8623-telephone
Shawn N. Guy, Esq.                                   (949) 461-0922-facsimile

9

Friesen, Guy & Associates
7545 Irvine Center Drive, Suite 200          **Attorneys for Defendant, Paramount**

10

Irvine, CA 92618                                          **Residential Mortgage Group, Inc.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1132625.1