UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS STEVENS DUMAS,

        NO. CIV. S-10-1523 LKK/DAD

    Plaintiff,

  v.

        O R D E R

FIRST NORTHERN BANK, dba
FIRST NORTHERN, et al.,

    Defendants.

_____/

    Plaintiff seeks a preliminary injunction prohibiting the foreclosure sale of his home, currently scheduled for February 16, 2011. Plaintiff's complaint in this matter alleges various claims for relief arising from a mortgage loan transaction related to his home, located at 2388 Clubhouse Drive in Rocklin, CA. In his complaint, plaintiff seeks damages, injunctive, declaratory, and equitable relief. This court previously denied a Temporary Restraining Order sought by plaintiff on the basis that it was not timely filed. Order, ECF No. 42.

    Plaintiff now seeks a preliminary injunction on the basis that

1

defendants did not comply with the requirements of California Civil Code § 2923.5, and that the defendant issuing the notice of default did not have the authority to do so. Defendant Paramount Mortgage Group, Inc. has filed a statement of non-opposition to the motion for a preliminary injunction, while defendant JP Morgan Chase opposes the motion.

### I. Standard for Preliminary Injunction

A preliminary injunction is an "extraordinary remedy." Winter v. NRDC, Inc., 555 U.S. 7, 28 (2008). When a court considers whether to grant a motion for a preliminary injunction, it balances "the competing claims of injury, . . . the effect on each party of the granting or withholding of the requested relief, . . . the public consequences in employing the extraordinary remedy of injunction," and plaintiff's likelihood of success. Id. at 31. (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). In order to succeed on a motion for a preliminary injunction, the plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 24-25.

### II. Analysis

**A. Likelihood of Success on the Merits**

**i. California Civil Code § 2923.5**

A notice of default of the subject loan was filed on October

1  27, 2009. Plaintiff claims that he was not contacted prior to the
2  filing of the notice of default as required by Cal. Civ. Code
3  §2329.5, and that he is entitled to have the sale postponed until
4  there is compliance with that statute. A mortgagee, trustee,
5  beneficiary, or authorized agent to who wishes to file a notice of
6  default must "contact the borrower in person or by telephone in
7  order to assess the borrower's financial situation and explore
8  options for the borrower to avoid foreclosure," at least thirty
9  days before filing the default notice. Cal. Civ. Code § 2923.5(a).
10 A notice of default may be filed without prior contact if there was
11 due diligence to contact the borrower by mail, telephone, or other
12 means specified in the statute. Cal Civ. Code 2923.5(g). The remedy
13 for violation of this statute is postponement of the scheduled
14 foreclosure until there is compliance by the foreclosing party.
15 Mabry v. Superior Court, 185 Cal.App.4th (2010)(review denied). See
16 also Magdaleno v. Indymac Bancorp, Inc., No. Civ. S-10-2148 (E.D.
17 Cal. 2011)(Damrell).

18      In this case, plaintiff states that he was never contacted by
19 the defendants prior to the Notice of Default. He states that the
20 lender had his telephone number at all times, but that he never
21 received a phone call or message from the lender prior to the
22 Notice of Default. Dec. of T. Dumas ¶¶ 16-17. Defendant JP Morgan
23 Chase argues that plaintiff fails to state a claim under § 2923.5
24 because plaintiff did not specifically allege that the lender did
25 not practice due diligence in trying to contact the borrower.
26 However, plaintiff's declaration, filed with the motion for a

3

preliminary injunction, states facts sufficient for the court to conclude that plaintiff is likely to succeed on the merits of his § 2923.5 claim.

**ii. The Notice of Default**

As an additional ground for injunctive relief, plaintiff asserts that the entity that issued the Notice of Default was not substituted as the trustee until after the Notice was issued, and that it therefore did not have "standing," or authority to issue the Notice. Without concluding whether or not plaintiff is likely to succeed on this claim, the court notes that if the foreclosure is postponed until after the defendant complies with § 2923.5, as discussed above, this claim will become moot. The entity issuing the Notice of Default has now been substituted as the trustee, and may file a Notice of Default once compliance with § 2923.5 is established.

**B. Irreparable Harm**

If the court does not issue a preliminary injunction, plaintiff's home is likely to be sold at foreclosure on February 16, 2011. The loss of one's personal residence is an irreparable harm. See, e.g. Sundance Land Corp. V. Community First Federal sav. And Loan Ass'n., 840 F.2d 653 (9th Cir. 1988)(loss of real property, because it is unique, is an irreparable injury). In this case, plaintiff has made the requisite showing of risk of irreparable harm.

**C. Balance of Equities**

Defendant argues that it will suffer a hardship if it is not

4

1  permitted to foreclose on the property, since it needs to foreclose
2  on the property in order to recoup the unpaid loan balance. The
3  court finds that postponing the foreclosure until defendant
4  complies with § 2923.5 is not an undue hardship, especially when
5  compared with plaintiff's risk of losing his home in a foreclosure
6  sale.

**D. The Public Interest**

It is in the public interest to require lenders to comply with the California statutes enacted to protect homeowners from unnecessary foreclosures. The court finds, therefore, that the public interest weighs in favor of granting plaintiff's preliminary injunction.

### IV. Conclusion

For the reasons stated herein, plaintiff's motion for a preliminary injunction, ECF No. 46, is GRANTED. The court orders as follows:

[1] Defendant is enjoined from foreclosing on the subject property until further order from this court.

[2] After defendant has complied with Cal. Civ. Code § 2923.5, it SHALL file a declaration with this court stating that it has done so and describing the manner in which it has contacted or attempted to contact plaintiff. This declaration SHALL be filed prior to or concurrent with any motion to terminate the preliminary injunction.

////

5

1       [3] Plaintiff SHALL post a bond in the amount of $300
2          within fourteen (14) days of the issuance of this order.
3 IT IS SO ORDERED.
4 DATED: February 15, 2011.

                                      LAWRENCE K. KARLTON
                                      SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT