UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS STEVENS DUMAS,

        Plaintiff,

   v.

FIRST NORTHERN BANK, dba
FIRST NORTHERN, et al.,

        Defendants.

_____/

NO. CIV. S-10-1523 LKK/DAD

O R D E R

In this foreclosure case, plaintiff filed a complaint alleging fraud, civil conspiracy, negligence, violation of Business and Professions Code §17200 et seq., violation of Civil Code § 2923.5, violation of 15 U.S.C. § 1601 et seq., and violation of 15 U.S.C. § 2601 et seq. Plaintiff seeks declaratory and injunctive relief and damages. Pending before the court are two motions to dismiss. One is by defendants JP Morgan Chase ("Chase") and Mortgage Electronic Registration System ("MERS"), and one is by Paramount Residential Mortgage Group ("Paramount"). For the reasons stated herein, the defendants' motions are GRANTED in part. Plaintiff is

1

1  GRANTED leave to amend his complaint for some claims, as specified

2  below.

### I.   BACKGROUND[1]

4      Some time before June, 2008, plaintiff applied for a loan for

5  a property located at 2388 Clubhouse Drive in Rocklin, California.

6  Plaintiff applied for the loan through Mr. Acuna, an employee of

7  defendant J&J Lending. During the application process, plaintiff

8  was told by Acuna that the monthly payment amount would be $4000.

9  The lender used a "Stated Income" process for loan approval, which

10 did not require any independent verification of plaintiff's income

11 or his ability to make the loan payments. FAC ¶57, 63. The loan

12 application stated that the loan would be an adjustable rate

13 mortgage ("ARM"), and that the interest rate was to be fixed at

14 6.875% for five years, and then increase to a rate of up to

15 11.875%. FAC ¶ 51. On or about June, 2008 plaintiff went to Mr.

16 Acuna's office to sign the loan papers. Once there, plaintiff

17 learned that the monthly payments on the loan would be $4949. When

18 plaintiff expressed concern to Mr. Acuna, Mr. Acuna told plaintiff

19 that the amount could be adjusted by refinancing the property at

20 a later date and at a lower interest rate. Plaintiff was "rushed"

21 when signing the loan document and was provided no time to review

22 the documents. FAC ¶ 64. Plaintiff did not understand the loan

---

[1] Unless otherwise noted, this statement is taken from the allegations of the First Amended Complaint ("FAC"), ECF No. 29. Plaintiff's allegations are taken as true for the purpose of this motion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

documents. FAC ¶ 65. Plaintiff signed the loan documents, and obtained a loan in the amount of $685,000 from defendant Paramount. FAC ¶ 31, 58.

During the transaction, plaintiff paid $15,698 in fees to J&J and $19,727 in fees to Paramount. FAC ¶ 54. At some point, Chase obtained an interest in the loan. Plaintiff has received a notice of default on the subject loan.

Plaintiff filed a complaint in this action on May 5, 2010 in state court, and defendants had the action removed to this court on June 17, 2010. In the operative FAC, plaintiff alleges seven causes of action, and seeks damages and declaratory and injunctive relief. He alleges fraud, civil conspiracy to defraud, negligence, violation of California Business and Professions Code § 17200, violation of California Civil Code § 2923.5, violation of the Truth in Lending Act, and violation of the Real Estate Settlement Procedures Act.

Plaintiff received a notice that his home was scheduled for foreclosure sale on February 16, 2011. Plaintiff filed a motion for a preliminary injunction, arguing that defendants had not complied with Cal. Civ. Code § 2329.5, which requires a party who wishes to file a notice of default to contact or attempt to contact the borrower to explore alternatives to foreclosure. On February 15, 2011 this court granted plaintiff's requested preliminary injunction, and enjoined the defendants from foreclosing on the subject property until further order from the court. Order, ECF No. 52. The order also stated that if defendant wished to have the

preliminary injunction terminated, it should "file a declaration with this court stating that it has complied with the statute and describing the manner in which it has contacted or attempted to contact plaintiff." Id. Defendants have not filed a such a motion.

**I.   Standards for a Motion to Dismiss**

**A. Dismissal of claims governed by Fed. R. Civ. P. 8(a)**

A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's compliance with the pleading requirements provided by the Federal Rules. In general, these requirements are established by Fed. R. Civ. P. 8, although claims that "sound[] in" fraud or mistake must meet the requirements provided by Fed. R. Civ. P. 9(b). Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Id. at 1949-50. Iqbal and Twombly therefore prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations,

4

1 and the court then determines whether these allegations, taken as
2 true and construed in the light most favorable to the plaintiff,
3 "plausibly give rise to an entitlement to relief." Id.; Erickson
4 v. Pardus, 551 U.S. 89 (2007).[2]

5     "Plausibility," as it is used in Twombly and Iqbal, does not
6 refer to the likelihood that a pleader will succeed in proving the
7 allegations. Instead, it refers to whether the non-conclusory
8 factual allegations, when assumed to be true, "allow[] the court
9 to draw the reasonable inference that the defendant is liable for
10 the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The
11 plausibility standard is not akin to a 'probability requirement,'
12 but it asks for more than a sheer possibility that a defendant has
13 acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A
14 complaint may fail to show a right to relief either by lacking a
15 cognizable legal theory or by lacking sufficient facts alleged
16 under a cognizable legal theory. Balistreri v. Pacifica Police
17 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

18     The line between non-conclusory and conclusory allegations is
19 not always clear. Rule 8 "does not require 'detailed factual
20 allegations,' but it demands more than an unadorned, the-defendant-
21 unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949

22

23     [2] As discussed below, the court may consider certain limited
evidence on a motion to dismiss. As an exception to the general
24 rule that non-conclusory factual allegations must be accepted as
true on a motion to dismiss, the court need not accept allegations
25 as true when they are contradicted by this evidence. See Mullis v.
United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987),
26 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

1   (quoting Twombly, 550 U.S. at 555). While Twombly was not the first

2   case that directed the district courts to disregard "conclusory"

3   allegations, the court turns to Iqbal and Twombly for indications

4   of the Supreme Court's current understanding of the term. In

5   Twombly, the Court found the naked allegation that "defendants

6   'ha[d] entered into a contract, combination or conspiracy to

7   prevent competitive entry . . . and ha[d] agreed not to compete

8   with one another,'" absent any supporting allegation of underlying

9   details, to be a conclusory statement of the elements of an anti-

10  trust claim. Id. at 1950 (quoting Twombly, 550 U.S. at 551). In

11  contrast, the Twombly plaintiffs' allegations of "parallel conduct"

12  were not conclusory, because plaintiffs had alleged specific acts

13  argued to constitute parallel conduct. Twombly, 550 U.S. at 550-51,

14  556.

15      Twombly also illustrated the second, "plausibility" step of

16  the analysis by providing an example of a complaint that failed and

17  a complaint that satisfied this step. The complaint at issue in

18  Twombly failed. While the Twombly plaintiffs' allegations regarding

19  parallel conduct were non-conclusory, they failed to support a

20  plausible claim. Id. at 566. Because parallel conduct was said to

21  be ordinarily expected to arise without a prohibited agreement, an

22  allegation of parallel conduct was insufficient to support the

23  inference that a prohibited agreement existed. Id. Absent such an

24  agreement, plaintiffs were not entitled to relief. Id.[3]

25

26      [3] This judge must confess that it does not appear self-evident
    that parallel conduct is to be expected in all circumstances and

6

1    In contrast, <u>Twombly</u> held that the model pleading for

2  negligence demonstrated the type of pleading that satisfies Rule

3  8. <u>Id.</u> at 565 n.10. This form provides "On June 1, 1936, in a

4  public highway called Boylston Street in Boston, Massachusetts,

5  defendant negligently drove a motor vehicle against plaintiff who

6  was then crossing said highway." Form 9, Complaint for Negligence,

7  Forms App., Fed. Rules Civ. Proc., 28 U.S.C. App., p 829. These

8  allegations adequately "'state[] . . . circumstances, occurrences,

9  and events in support of the claim presented.'" <u>Twombly</u>, 550 U.S.

10 at 556 n.3 (quoting 5 C. Wright & A. Miller, Federal Practice and

11 Procedure § 1216, at 94, 95 (3d ed. 2004)). The factual allegations

12 that defendant drove at a certain time and hit plaintiff render

13 plausible the conclusion that defendant drove negligently.

14 **B. Dismissal of Claims Governed by Fed. R. Civ. P. 9(b)**

15   A Rule 12(b)(6) motion to dismiss may also challenge a

16 complaint's compliance with Fed. R. Civ. P. 9(b). <u>See Vess</u>, 317

17 F.3d at 1107.  This rule provides that "In alleging fraud or

18 mistake, a party must state with particularity the circumstances

19 constituting fraud or mistake. Malice intent, knowledge, and other

20 conditions of a person's mind may be alleged generally."  These

21 circumstances include the "time, place, and specific content of the

22 false representations as well as the identities of the parties to

23 the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th

24

25 thus would seem to require evidence. Of course, the Supreme Court
   has spoken and thus this court's own uncertainty needs only be
26 noted, but cannot form the basis of a ruling.

1  Cir. 2007) (quoting <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058,

2  1066 (9th Cir. 2004)). "In the context of a fraud suit involving

3  multiple defendants, a plaintiff must, at a minimum, 'identif[y]

4  the role of [each] defendant [] in the alleged fraudulent scheme.'"

5  <u>Id.</u> At 765 (quoting <u>Moore v. Kayport Package Express</u>, 885 F.2d 531,

6  541 (9th Cir. 1989)).   Claims subject to Rule 9(b) must also

7  satisfy the ordinary requirements of Rule 8.

8                              **III. Analysis**

9       Pending before the court are two motions to dismiss. One is

10  by defendant Paramount Mortgage, and the other is by defendants JP

11  Morgan Chase and Mortgage Electronic Registration System. Both

12  motions seek to dismiss all claims in the FAC.

13  **A. Fraud**

14       Plaintiff pleads his fraud cause of action against all

15  defendants under California Civil Code § 1572. FAC ¶ 78. That

16  provision defines fraud in the formation of a contract, and

17  provides:

18           "Actual fraud. . . consists in any of the following
             acts, committed by a party to the contract or with
19           his connivance, with intent to deceive another
             party thereto, or to induce him to enter into the
20           contract: (1) the suggestion, as a fact, of that
             which is not true, by one who does not believe it
21           to be true; (2) the positive assertion, in a manner
             not warranted by the information of the person
22           making it, of that which is not true, though he
             believes it to be true; (3) the suppression of that
23           which is true, by one having knowledge or belief of
             the fact; (4) a promise made without any intention
24           of performing it; or (5) any other act fitted to
             deceive."

25

26       Although plaintiff asserts that his fraud claim arises under

                                    8

1   § 1572[4], he also appears to claim that the defendants engaged in
2   fraud during the foreclosure process. Since § 1572 defines fraud
3   in the context of contract formation, and is inapplicable to any
4   representations made during the foreclosure process, the court will
5   also analyze whether the FAC adequately states a claim for the
6   California common law tort of fraud. The elements of a fraud claim
7   under California law are (1) misrepresentation (a false
8   representation, concealment or nondisclosure), (2) knowledge of
9   falsity, (3) intent to defraud (to induce reliance), (4)
10  justifiable reliance, and (5) resulting damage. Agosta v. Astor,
11  120 Cal. App. 4th 596, 603 (2004).

12      Federal courts adjudicating state law claims apply state
13  substantive law, Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938), but
14  federal procedural rules, Vess v. Ciba-Geigy Corp. USA, 317 F.3d
15  1097, 1102 (9th Cir. 2003).[5] Here, the elements of plaintiff's
16  fraud claim are defined in California law, but the applicable
17  pleading standard comes from Fed. R. Civ. P. 9(b), as discussed
18  above. "In the context of a fraud suit involving multiple
19  defendants, a plaintiff must, at a minimum, 'identif[y] the role
20  of [each] defendant [] in the alleged fraudulent scheme.'" Swartz

21  _____

22      [4] A complaint need not state the statute for each claim.
23  "Notice pleading requires the plaintiff to set forth in his
    complaint claims for relief, not causes of action, statutes or
    legal theories," Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir.
24  2008) (emphasis in original),(9th Cir. 2008).

25      [5] Thus, defendants' citations to California case law regarding
    the heightened pleading standard for fraud in California courts are
26  unavailing.

1  v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) (quoting Moore v.

2  Kayport Package Express, 885 F.2d 531, 541 (9th Cir. 1989)). "For

3  corporate defendants, a plaintiff must allege the names of the

4  persons who made the allegedly fraudulent representations, their

5  authority to speak, to whom they spoke, what they said or wrote,

6  and when it was said or written." Dipaola v. JPMorgan Chase Bank,

7  2011 U.S. Dist. LEXIS 88753 (N.D. Cal. Aug. 10, 2011)(citing

8  Tarmann v. State Farm Mut. Auto Ins. Co., 2 Cal. App. 4th 153, 157

9  (1991)). See also Dorado v. Shea Homes Ltd. P'ship, 2011 U.S. Dist.

10 LEXIS 97672 (E.D. Cal. 2011); Nadan v. Homesales, Inc., 2011 U.S.

11 Dist. LEXIS 89946 (E.D. Cal. 2011); Kopchuk v. Countrywide Fin.

12 Corp., 2010 U.S. Dist. LEXIS 23884 (E.D. Cal. 2010)(dismissing a

13 claim where plaintiff "failed to allege who actually made the

14 supposedly false representations or their ability to speak for the

15 corporation. . ."). To state a fraud claim against a corporation,

16 plaintiff "must allege the names of the persons who made the

17 allegedly fraudulent representations, their authority to speak, to

18 whom they spoke, what they said or wrote, and when it was said or

19 written." Magdaleno v. IndyMac Bancorp, Inc., 2011 U.S. Dist. LEXIS

20 13561 (E.D. Cal. Jan. 28, 2011)(applying, in federal court, the

21 pleading requirements from Lazar v. Superior Court, 12 Cal. 4th

22 631, 645, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996)). See also,

23 Ungerleider v. Bank of Am. Corp., 2010 U.S. Dist. LEXIS 138294

24 (C.D. Cal. Dec. 27, 2010); Yulaeva v. Greenpoint Mortg. Funding,

25 Inc., 2010 U.S. Dist. LEXIS 137988 (E.D. Cal. Dec. 20,

26 2010)(holding that although Lazar articulates a California pleading

standard, "numerous district courts have followed this rule, at least insofar as to require identification of a particular speaker.").

Plaintiff's complaint alleges a cause of action for fraud against all defendants.[6] Plaintiff alleges fraud "in the origination of the Subject Loan and the foreclosure process for the Subject Property." FAC ¶ 79. Plaintiff states that

> the aforementioned conduct of Defendants consisted of intentional misrepresentations, deceit, and/or concealment of material facts known to them with the intention on their part of thereby depriving Plaintiff of property or legal rights or otherwise causing injury. Defendants, and each of them acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit of Defendants, knowing Defendants' conduct was substantially certain to vex, annoy, and injure Plaintiff. . ."

FAC ¶ 82.

Aside from these conclusory statements, plaintiff alleges some facts that he argues support his fraud claim: that Acuna told plaintiff that the $4949 monthly payment "was the best that could be done," FAC ¶ 46; that Acuna told plaintiff that "he would take care of [the high monthly payment amount] later" and that "the amount would be adjusted," FAC ¶ 47; and that "Acuna informed plaintiff that he could refinance the property at a later date and get a better rate at that time," FAC ¶ 48. Plaintiff further states that "Defendants, and each of them failed to disclose material

---

[6] The court here only analyzes the fraud claim against the moving defendants. J & J Lending, Acuna, and First Northern Bank have not filed motions to dismiss the claims against them.

facts about the Subject Loan, failing to verify Plaintiff's income, falsifying Plaintiff's income, . . " FAC ¶ 66; and that "Defendants have represented that they have the right to payment under the Note. . . in fact, Defendants. . . are not the real parties in interest because they are not the legal trustee, mortgageee or beneficiary, nor are they authorized agents. . ." FAC ¶ 69; "Defendants CHASE and MERS further defrauded Plaintiffs by representing to them that it was within their rights to conduct a trustee's sale of the Subject Property."

**i. Plaintiff's Fraud Claim against Defendant Paramount**

Defendant Paramount asserts that plaintiff has failed to state a cause of action for fraud against it. Paramount's Mot. to Dismiss ("Paramount's Mot.") 4, ECF No. 34-1. The court agrees that the FAC, on its face, does not meet the standard for pleading fraud against defendant Paramount. Plaintiff has not alleged the time, place, or content of a single misrepresentation made by Paramount. Plaintiff attempts to remedy this deficiency by asserting, in his opposition that Acuna is the agent of Paramount, that Acuna misrepresented to plaintiff that the loan issued was the best loan available, that Acuna extended credit to plaintiff without regard to his ability to pay the loan, and informed plaintiff that if the loan became unaffordable, he could simply refinance it with another loan. Plaintiff states that Acuna knew these statements to be false, and made the statements to induce plaintiff to accept the
////
////

1  loan offered.[7]

2      First, the court notes that plaintiff's allegation that Acuna

3  extended credit to plaintiff does not satisfy even the first

4  element of a fraud claim. Extending credit is not a

5  misrepresentation because it is not a representation at all.

6      With respect to the other two statements, plaintiff has not

7  alleged Acuna's authority to speak for Paramount. As noted above,

8  such an allegation is required for a fraud claim against a

9  corporation. According to the FAC, Acuna was "the broker, employee,

10  and/or agent of Defendant J&J and was the broker of the Subject

11  Loan." FAC ¶ 6. The FAC alleges that Paramount, J&J, Acuna, and the

12  Doe defendants were agents of each other. Plaintiff, however, does

13  not allege even on information and belief that Acuna had the

14  authority to speak for any of the defendants currently seeking to

15  dismiss the claims against them. Plaintiff's opposition does not

16  provide any additional information from which the court could

17  plausibly infer that Acuna had the authority to speak for

18  Paramount. Accordingly, the fraud claim against Paramount is

19  DISMISSED. Because the court cannot be sure that no fraud cause of

20  action against Paramount can be pled, plaintiff will be given an

21  opportunity to re-plead.

22

23      [7] In general, the court may not consider material beyond the
    pleadings in ruling on a motion to dismiss for failure to state a
24  claim. See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co.,
    896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Thus, the allegations
25  that appear in plaintiff's opposition, but not in his complaint,
    are only relevant to whether it would be futile to allow plaintiff
26  to amend the complaint.

**ii. Plaintiff's Fraud Claim against Chase and MERS**

Plaintiff does not allege that JP Mortgage or MERS had any involvement in the origination of the subject loan. His fraud claim against them, therefore, must only pertain to the foreclosure process. The only allegations in the complaint that could possibly support a fraud claim against Chase and MERS are that those defendants "represented that they have the right to payment under the Note. . ." when in fact those defendants "are not the real parties in interest," FAC ¶ 69, and that they "further defrauded plaintiffs by representing to them that it was within their rights to conduct a trustee's sale of the Subject Property." FAC ¶ 70.

These bare allegations are not sufficient to state a claim for fraud against Chase and MERS. Plaintiff has not stated the "time, place, and specific content of the false representations [nor] the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. As with his claims against Paramount, plaintiff's opposition to Chase and MERS' motion to dismiss attempts to salvage his claim. ECF No. 40. In the opposition, plaintiff states that Chase and MERS' fraudulent conduct consisted of "after assuming the loan, not tak[ing] steps to verify the veracity of the loan and the paperwork signed by plaintiff" and not acting in good faith to attempt to modify the loan.  Opp'n 3, ECF No. 40.

These assertions in plaintiff's opposition do not state the requisite elements to support a fraud claim against Chase or MERS. Accordingly, plaintiff's fraud claim against Chase and MERS is DISMISSED. Again, because the court cannot be sure that it would

14

be futile to allow plaintiff to amend the complaint, the court will permit re-pleading.

**B. Civil Conspiracy to Defraud**

Plaintiff alleges that all "defendants conspired and agreed to implement a scheme to defraud and victimize plaintiff through the preditory lending practices and other unlawful conduct alleged" in the FAC. FAC ¶ 84. The FAC further alleges that all defendants acted "pursuant to an agreement. . . to defraud plaintiff into entering into the subject loan agreement and thereafter taking the subject property without having any right to do so." FAC ¶ 16.

In California, "conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510 -511 (Cal. 1994). Liability for conspiracy only arises in connection with an actual tort. Id. Here, plaintiff alleges civil conspiracy in connection with the tort of fraud. Because the court has already dismissed plaintiff's fraud claim against Paramount, Chase, and MERS, there can be no conspiracy liability under the present pleading against those defendants for fraud committed by them.

However, defendants J & J Lending and Marko Acuna have not filed motions to dismiss the complaints against them, and from what is before the court it appears that plaintiff could state a claim against them in an amended complaint. In the FAC, plaintiff alleged

1  that Acuna was the agent and employee of J & J Lending, and was the

2  broker for plaintiff's loan. Plaintiff alleges that Acuna told him

3  that the loan offered was "the best that could be done," and that

4  Acuna induced plaintiff to sign the loan documents by telling

5  plaintiff that the monthly payment amount would be adjusted later

6  to meet plaintiff's needs. FAC ¶ 46-47. In his opposition to

7  Paramount's motion to dismiss, plaintiff added that Acuna knew at

8  the time that plaintiff qualified for a better loan, and also that

9  Acuna knew at the time that the monthly payment amount would not

10 be adjusted through refinance. Opp'n to Paramount's Mot. to Dismiss

11 3:6-16. Thus, plaintiff could state a fraud claim against J&J

12 Lending and Acuna, which could serve as a predicate to a conspiracy

13 to defraud claim against the moving defendants.

14     Plaintiff, therefore, is granted leave to amend the complaint,

15 wherein he may allege, *inter alia*, the elements of a conspiracy to

16 defraud based on the allegedly fraudulent statements made by Acuna

17 at the time plaintiff signed the loan documents.[8]

18 **C. Negligence**

19     As his third cause of action against all defendants, plaintiff

20 alleges that the defendants owed a duty of care to plaintiff in the

21 processing of plaintiff's loan application, and that defendants

22 breached the duty by overstating plaintiff's income and the value

23 of the property on the loan application. FAC ¶ 96.

24     Under California law, the elements of a claim for negligence

25 _____

26     [8] Of course plaintiff must have a basis for any claim in a
   future amendment.

1   are "(a) a legal duty to use due care; (b) a breach of such legal

2   duty; and (c) the breach as the proximate or legal cause of the

3   resulting injury." Ladd v. County of San Mateo, 12 Cal.4th 913,

4   917, 50 Cal.Rptr.2d 309, 911 P.2d 496 (1996) (internal citations

5   and quotations omitted); see also Cal Civ Code § 1714(a). Moving

6   defendants argue that plaintiff has not adequately alleged facts

7   supporting any of these elements.

8        California courts have stated that "as a general rule, a

9   financial institution owes no duty of care to a borrower when the

10  institution's involvement in the loan transaction does not exceed

11  the scope of its conventional role as a mere lender of money."

12  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089

13  (1998). See also Wagner v. Benson, 101 Cal.App.3d 27, 35 (1980) (a

14  lender has no duty to ensure that borrower will use borrowed money

15  wisely).

16       The Nymark rule is limited in two ways. First, a lender may

17  owe to the borrower a duty of care sounding in negligence when the

18  lender's activities exceed those of a conventional lender. The

19  Nymark court noted that the "complaint does not allege, nor does

20  anything in the summary judgment papers indicate, that the

21  appraisal was intended to induce plaintiff to enter into the loan

22  transaction or to assure him that his collateral was sound." Id.

23  at 1096-97, 283 Cal.Rptr. 53. Nymark thereby implied that had such

24  an intent been present, the lender may have had a duty to exercise

25  due care in preparing the appraisal. See also Wagner v. Benson, 101

26  Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) ("Liability to a

borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender.").

Second, even when a lender's acts are confined to their traditional scope, Nymark announced only a "general" rule. Rather than conclude that no duty existed per se, the Nymark court determined whether a duty existed on the facts of that case by applying the six-factor test established by the California Supreme Court in Biakanja v. Irving, 49 Cal.2d 647, 320 P.2d 16 (1958). Nymark, 231 Cal.App.3d at 1098, 283 Cal.Rptr. 53; see also Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1197 (9th Cir. 2001). This test balances six non-exhaustive factors:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

Roe, 273 F.3d at 1197 (quoting Biakanja, 49 Cal.2d at 650, 320 P.2d 16) (modification in Roe ). Nymark held that this test determines "whether a financial institution owes a duty of care to a borrower-client," 231 Cal.App.3d at 1098, 283 Cal.Rptr. 53.

Consistent with these principles, Wanger held that as a matter of law a lender "owes no duty of care to the [borrower] in approving [a] loan." 101 Cal. App. 3d at 35. In that case, the

California Court of Appeal held that the lender did not owe a duty in negligence not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay. Id. The court explained that approving and providing a loan is within the scope of activities conventionally performed by a lender.  While it is true that approving and providing loans is a conventional task for lenders, doing so knowing the borrower will be made to perform would not appear to be a conventional practice.

On the other hand, a failure to discover that the loan application inaccurately stated the borrower's income, may be insufficient without more to demonstrate negligence.

Given the vagueness of the pleading, plaintiff's negligence cause of action against the moving defendants is DISMISSED with leave to amend.

**D. Unfair Competition**

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, ("UCL") proscribes "unlawful, unfair, or fraudulent business acts and practices." Plaintiff makes the bare assertion that "defendants acts, as alleged herein, constitute unlawful, unfair and/or fraudulent practices as defined by California Business and Professions Code § 17200 et. seq." FAC ¶ 102. This conclusory allegation merely states the elements of a UCL claim, and invites the defendants and the court to scour the remainder of the complaint to determine which, if any, of the allegations incorporated by reference provide notice of the basis for this claim.

1    As discussed above, plaintiff may amend his complaint to
2  adequately state a claim for fraud against J&J Lending and Acuna,
3  and other defendants may be held liable for that fraud under a
4  conspiracy theory. Additionally, plaintiff may amend his complaint
5  to adequately state a TILA claim against Paramount and Chase (see
6  below). Such claims, if adequately pled, may serve as a predicate
7  for plaintiff's UCL claim. Finally, plaintiff *has* stated a claim
8  for violation of California Civil Code § 2923.5 (see below). This
9  claim may serve as a predicate for plaintiff's UCL claim.
10  Accordingly, the motions to dismiss plaintiff's UCL claim are
11  DENIED.

12  **E. California Civil Code § 2923.5**

13    A notice of default of the subject loan was filed on October
14  27, 2009. Plaintiff alleges that he was never contacted by the
15  defendants in order to explore alternatives to foreclosure, as
16  required by Cal. Civ. Code § 2923.5. Plaintiff alleges that Chase
17  and MERS violated § 2923.5. On February 15, 2011, this court
18  granted a preliminary injunction to plaintiff on this issue, with
19  instructions to the defendant to file a declaration, upon complying
20  with § 2923.5 stating that it had done so. Defendants have not
21  filed a declaration stating compliance with § 2923.5.

22    A mortgagee, trustee, beneficiary, or authorized agent who
23  wishes to file a notice of default must "contact the borrower in
24  person or by telephone in order to assess the borrower's financial
25  situation and explore options for the borrower to avoid
26  foreclosure," at least thirty days before filing a default notice.

1  Cal. Civ. Code § 2923.5(a). A notice of default may be filed
2  without prior contact if there was due diligence to contact the
3  borrower by mail, telephone, or other means specified in the
4  statute. Cal Civ. Code 2923.5(g). The remedy for violation of this
5  statute is postponement of the scheduled foreclosure until there
6  is compliance by the foreclosing party. Mabry v. Superior Court,
7  185 Cal.App.4th (2010)(review denied). See also Magdaleno v.
8  Indymac Bancorp, Inc., No. Civ. S-10-2148 (E.D. Cal.
9  2011)(Damrell).

10      In this case, plaintiff asserts that he was never contacted
11  by the defendants prior to the Notice of Default. Defendant Chase
12  Chase argues that plaintiff fails to state a claim under § 2923.5
13  because plaintiff did not specifically allege that the lender did
14  not practice due diligence in trying to contact the borrower.
15  However, the court concludes that the FAC is adequate under the
16  notice pleading requirements that govern this cause of action. Fed.
17  R. Civ. P. 8.

18      Accordingly, the motion by Chase and MERS to dismiss
19  plaintiff's claim for violation of § 2923.5 is DENIED.

20  **E. Truth in Lending Act ("TILA")**

21      Plaintiff alleges that defendants Paramount and Chase violated
22  TILA by failing to provide plaintiff with accurate material
23  disclosures required under the law." FAC 23. Plaintiff seeks
24  damages and rescission of the subject loan.

25      TILA requires creditors to make certain disclosures to
26  borrowers when credit is secured by the borrower's principle

dwelling. 15 U.S.C. § 1637a. The purpose of the statute is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601.

**i. TILA Claim for Damages**

Claims for damages under TILA are subject to a one-year statute of limitations, which runs from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). See also Hofstetter v. Chase Home Fin., LLC, 751 F. Supp. 2d 1116, 1123 (N.D. Cal. 2010) (Alsup). Here, plaintiff's TILA claim appears[9] to arise solely out of failure to make required disclosures at the time the loan was entered, which was in June 2008. Plaintiff's original complaint was filed on May 5, 2010, outside the statute of limitations period. Plaintiff's TILA claim for damages against the moving defendants is therefore DISMISSED with prejudice.

**ii. TILA Claim for Rescission**

Under TILA, a borrower may exercise his right to rescind a loan agreement where the lender has violated TILA's disclosure requirements. 15 U.S.C. § 1635(b). That section "adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of

---

[9] The FAC is entirely conclusory with respect to plaintiff's TILA claim, and plaintiff offers no arguments in opposition to the defendants' motions to dismiss the TILA claim.

rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property." Yamamoto v. Bank of N.Y., 329 F. 3d 1167, 1170 (9th Cir. 2003). The Ninth Circuit has held that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender." Id. (Emphasis in the original). See also Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086 (E.D. Cal. 2009)(Damrell)(dismissing a TILA claim where plaintiff failed to allege any facts relating to her ability to tender the loan principal."); Garza v. Am. Home Mortgage, 2009 U.S. Dist. LEXIS 7448, at *5 (E.D. Cal. 2009) ("[R]escission is an empty remedy without [plaintiff's] ability to pay back what she has received."); Serrano v. Sec. Nat'l Mortg. Co., 2009 U.S. Dist. Lexis 71725 (S.D. 2009) ("If Plaintiff continues to seek rescission under TILA, he must tender the owed amount or provide proof of his ability to tender."); Pesayco v. World Sav., Inc., 2009 U.S. Dist. LEXIS 73299 (C.D. Cal. 2009) ("[A] claim for TILA rescission will only be able to succeed if Plaintiff can show the ability to tender the principal of the subject loan."). TILA's rescission remedy is subject to a three-year statute of limitations.

Here, plaintiff states that he is not required to plead tender in any form in this complaint. FAC ¶ 31. Alternatively, plaintiff contends that he "expects to be able to tender the loan proceeds due within a reasonable time or as determined by the court." Following the directive of the Ninth Circuit that rescission should

1  not be granted absent tender of the loan proceeds by the borrower,

2  the court holds that plaintiff must plead facts from which the

3  court could infer that plaintiff will be able to tender the loan

4  amount. Plaintiff's bare allegation that he "expects" to be able

5  to tender the amount does not suffice.

6      Moreover, the FAC's bare assertion that defendants violated

7  TILA by failing to provide accurate disclosure materials does not

8  properly provide notice to the defendants of plaintiff's TILA

9  claim. Although Chase and MERS have requested that the court take

10 judicial notice of various loan documents, ECF No. 33, they have

11 not argued in their motion to dismiss that the loan documents

12 contain the required TILA disclosures. Accordingly, the court

13 cannot conclude that it would be futile to allow plaintiff to amend

14 his complaint to adequately state a claim for rescission under

15 TILA. Defendants' motions to dismiss the TILA claim for rescission

16 are GRANTED. The claim is DISMISSED without prejudce. In order to

17 state a claim for rescission, plaintiff must identify which TILA

18 disclosures were omitted or inaccurate. Plaintiff must also plead

19 facts from which the court could plausibly infer that plaintiff

20 will be able to tender the loan proceeds if the court ultimately

21 grants rescission.

22 **F. Real Estate Settlement Procedures Act ("RESPA")**

23     Plaintiff's RESPA allegations, so far as the court can

24 discern, are that "the interest and income that defendants have

25 gained. . . is disproportionate to plaintiff's situation due

26 directly to defendants' failure to disclose that they would gain

a financial benefit while plaintiff suffered financially as a result of the subject loan"; that "the payments between the Defendants were misleading and designed to create a windfall"; that "defendants did not provide plaintiff with a Uniform settlement statement"; that "defendants failed to provide plaintiff with a[n] adequate 'special information booklet,' as required by law"; that defendants "participated in giving and/or receiving kickbacks in association with the subject loan. . . [and] in charging plaintiffs unearned fees"; and that defendant assessed unlawful fees to plaintiff." FAC 27-33.

Defendants contend, and plaintiff nowhere disputes,[10] that his RESPA claims are barred by the one-year statute of limitations in 12 U.S.C. § 2614. Plaintiff's RESPA claim arises from the loan origination, which occurred in June or July 2008. The statute of limitations, therefore, expired at the latest in July 2009. Plaintiff's complaint was filed in May 2010. Accordingly, plaintiff's RESPA claim is time-barred and defendants' motions to dismiss the RESPA claim is GRANTED. The claim is DISMISSED with prejudice.[11]

**IV. Conclusion**

For the reasons stated herein, the court ORDERS as follows:

---

[10] Plaintiff does not address TILA or RESPA at all in either of his oppositions to defendants' filed motions to dismiss.

[11] The court notes that even if not time-barred, plaintiff's asserted RESPA claim, as stated in the FAC, is not a "short plain statement of the claim." Fed. R. Civ. P. 8. For example, the court cannot discern what plaintiff means by stating that the defendants' income was disproportionate to plaintiff's "situation."

25

1          [1] Defendant Paramount's Motion to Dismiss the
2          Complaint, ECF No. 34, is GRANTED in part and DENIED
3          in part.
4          [2] Defendants Chase and MERS Motion to Dismiss the
5          Complaint, ECF No. 32 is GRANTED in part and denied in
6          part.
7          [3] Plaintiff's claims 1 (fraud), 2 (fraud
8          conspiracy), 3 (negligence), 4 (Unfair Competition), 6
9          (TILA), and 7 (RESPA) against the moving defendants
10         are DISMISSED WITHOUT PREJUDICE.
11         [5] Plaintiff is GRANTED leave to amend his complaint.
12         Plaintiff SHALL file an amended complaint within 21
13         (twenty-one) days of the issuance of this order.
14    IT IS SO ORDERED.
15    DATED:  October 14, 2011.

          LAWRENCE K. KARLTON
          SENIOR JUDGE
          UNITED STATES DISTRICT COURT