1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9

THOMAS STEVENS DUMAS,

10
                                  NO. CIV. S-10-1523 LKK/DAD

11          Plaintiff,

12      v.
                                      O R D E R

13  FIRST NORTHERN BANK, dba
    FIRST NORTHERN, et al.,

14

15          Defendants.

16  _____/

17      This case was originally filed by plaintiff in Placer County

18  Superior Court. The original complaint alleged both state and

19  federal claims arising from a loan transaction and subsequent

20  initiation of foreclosure proceedings on plaintiff's property.

21  Defendants removed the case to this court on the basis of federal

22  question jurisdiction only.

23      Plaintiff filed an amended complaint on October 20, 2010,

24  alleging both state and federal claims. ECF No. 23. Defendants

25  Paramount, Chase, and MERS filed motions to dismiss the amended

26  complaint, which this court granted in part and denied in part. The

1

1  court granted plaintiff leave to amend the complaint, and plaintiff

2  filed a Second Amended Complaint. The Second Amended Complaint does

3  not allege any violations of federal law. No party has asserted any

4  other basis for federal court jurisdiction over this case. Under

5  28 U.S.C. § 1447(c), district courts shall remand a removed case

6  "[i]f at any time before final judgment it appears that the

7  district court lacks subject matter jurisdiction." This court

8  issued an order to show cause why the case should not be remanded

9  to the state court. ECF No. 73.

10     Defendants JP Morgan Chase Bank, N.A., and Mortgage Electronic

11  Registration Systems, Inc. submitted a response to the order to

12  show cause stating that they do not object to an order remanding

13  the action to state court. ECF No. 74.

14     Plaintiff Dumas and defendant Paramount Residential Mortgage

15  each submitted responses requesting that the court exercise its

16  discretion to retain jurisdiction over the action despite the fact

17  that the federal claims no longer exist.

18     Defendant Paramount argues that the court should dismiss the

19  claims against Paramount before remanding the case to state court.

20  In support of this request, Paramount asserts that the court should

21  consider plaintiff's state-law claims "from a federal statutory

22  purview." From what the court can gather from Paramount's nearly

23  incomprehensible response, Paramount believes that a federal issue

24  remains because Dumas' claims against Paramount could be dismissed

25  under the federal pleading standards.

26  ////

1     Similarly, plaintiff Dumas, although he originally filed this

2   action in state court, asks the court to exercise  it discretion to

3   retain jurisdiction over plaintiff's state-law claims. Plaintiff

4   asserts that doing so is warranted in the interest of judicial

5   economy.

6     "If the federal claims are dismissed before trial, even though

7   not insubstantial in a jurisdictional sense, the state claims

8   should be dismissed as well. . . There may, on the other hand, be

9   situations in which the state claim is so closely tied to questions

10  of federal policy that the argument for exercise of pendent

11  jurisdiction is particularly strong." United Mine Workers v. Gibbs,

12  383 U.S. 715, 726-727 (1966). This pendant jurisdiction doctrine

13  is "designed to enable courts to handle cases involving state-law

14  claims in the way that will best accommodate the values of economy,

15  convenience, fairness, and comity." Carnegie-Mellon Univ. v.

16  Cohill, 484 U.S. 343, 351 (1988). Pendant jurisdiction is a

17  doctrine of discretion, not of plaintiff's right, and when federal-

18  law claims have dropped out of the an action in its early stages,

19  the balance of these factors indicates that the case properly

20  belongs in state court. Id. (quoting Gibbs). Where remand, rather

21  than dismissal of a case will better accommodate these values,

22  remand is appropriate. Id. This is usually the case when the court

23  "relinquish[es] jurisdiction over a removed case involving pendent

24  claims." Id.

25     In this case, the court declines to exercise pendant

26  jurisdiction over plaintiff's action, which contains only state-law

claims. The contract, tort, and state statutory claims in this foreclosure case are not closely tied to questions of federal policy, and the court finds it appropriate for the claims to be litigated in state court.

Accordingly, this action is REMANDED to the state court for further proceedings. The Preliminary Injunction issued by this court shall remain in place unless and until the state court determines it to be inappropriate.

IT IS SO ORDERED.

DATED:  April 4, 2012.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4